LOWER v. MILLER, SHERIFF, ET AL.

GRAY v. THE SAME.

ELDER v. THE SAME.

1. Statute of Limitations: ACTION ON SHERIFF'S BOND FOR MONEY RECEIVED IN CONDEMNATION OF RIGHT OF WAY FOR RAILROAD: WHEN ACTION ACCRUES. A right of action accrues in favor of the land-owner against a sheriff, for money received by him from a railroad company upon the condemnation of right of way, immediately upon the expira-

tion of the thirty days allowed for appealing from such proceedings; and, unless brought within three years after so accruing, it is barred, both as against the sheriff and his sureties. Code, § 2529.

2. ————: ————: RE-ELECTION OF SHERIFF AND NEW BOND GIVEN: STATUTE NOT ARRESTED. In such case the fact that the sheriff, after receiving the money, is re-elected,. and gives a new bond, does not arrest the running of the statute, and cause it to begin to run anew from the time of the giving of the new bond, so as to entitle the claimant to maintain an action on the new bond within three years from its date.

3. ————: NOT DEFEATED BY LACHES OF CREDITOR. A party against whom the statute of limitations runs cannot defeat its operation by failing or neglecting to perform an act necessary to be done by him (such as making a demand) in order to enable him to maintain his action. See cases cited.

*Appeals from Monroe District Court.*

SATURDAY, JUNE 6.

THESE cases involve substantially the same questions, and they will be disposed of in one opinion. They are actions at law upon the official bond of Samuel F. Miller, late sheriff of Monroe county, to recover of him and his sureties certain sums of money which were paid to said Miller in his official capacity as sheriff by the Chicago, Burlington & Quincy Railroad Company, in discharge of the compensation allowed to the plaintiffs in proceedings by which certain lands of the plaintiffs were appropriated for the right of way for a railroad. There was a trial by the court, and a judgment was rendered for the plaintiffs. Defendants appeal.

*T. B. Perry* and *John S. Townsend*, for appellants.

*James Coen* and *Daniel Anderson*, for appellees.

ROTHROCK, J.—There is no dispute as to the material facts involved in these actions. On the eleventh day of December, 1878, the commissioners appointed by the sheriff for that purpose duly assessed the damages sustained by the plaintiffs by reason of the appropriation of the right of .way for a rail-

road through their lands. The damages assessed to the plaintiff, John Gray, were $2,000; to Mary A. Elder and others, $1,212; and to T. S. Lower, $400. On the next day the railroad company paid the said several amounts of money to the sheriff, as required by section 1244 of the Code, and proceeded to construct the railroad through the lands of the plaintiffs. No appeal was taken from the assessment made by the commissioners. The money being in the hands of the sheriff, he offered to pay the amounts due to the respective parties within a very short time after it was received by him. No formal tender of the money was made to the plaintiffs. They, however, peremptorily declined to accept the offer of the sheriff, and about the time the offers were made they commenced actions in equity by which they sought to enjoin the construction of the road, on the ground that the railroad company had no right, power or authority to appropriate land for a right of way. These actions did not prevent the construction of the railroad, because no temporary injunctions were obtained. The injunction cases were tried in the circuit court of Monroe county, and there were decrees against the plaintiffs. Appeals were taken to this court, and the causes were tried anew, and the decrees of the circuit court were affirmed. The opinion of this court was filed on the twentieth day of October, 1882. See 59 Iowa, 563.

After receiving the money, the sheriff deposited it in the First National Bank of Albia, and sometime afterwards he withdrew it from that bank, and deposited it in the Monroe County Bank. This last-named bank failed and ceased payment about October 5, 1882. The money was not withdrawn before the failure of the bank.

The defendant was elected sheriff of Monroe county in 1877, and qualified by giving his official bond in January, 1878. He was re-elected in 1879, and gave bond in January, 1880, and his second term of office expired in January, 1882. These actions were brought on or about April 5, 1883, and they are founded upon the bond given in January, 1880.

About March 20, 1883, the plaintiffs demanded payment of the several amounts of money of the defendant Miller.

The principal question in the case, and the one which we think is decisive of the rights of the parties, arises upon the statute of limitations. The defendants insist that the actions are fully barred; and the plaintiffs claim that the statute of limitations did not commence to run until the demand made in March, 1883. That part of section 2529 applicable to the question is as follows: "The following actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards: * * * * Those against a sheriff or other public officer, growing out of a liability incurred by the doing of an act in an official capacity, or by the omission of an official duty, including the non-payment of money collected on execution, within three years." The sheriff received the money due to these plaintiffs some four years and three months before the demand was made upon him on March 20, 1883. It will be seen from the foregoing statement of facts that the money was received by the sheriff during his first term of office, and that the bond in suit was not executed at that time.

Counsel have discussed the question whether the sheriff, upon the expiration of his first term, accounted to himself for the money, and whether the default, if any, occurred during the first or second term. So far as the action against the sheriff is involved, in the view we take of the cases, these questions are immaterial. And we do not pass upon the question whether the sureties on the first bond were bound for the payment of this money. If the actions are barred as to the sheriff, who is the principal in both bonds, the bar applies to all the sureties on both bonds. The statute of limitations, as above quoted, appears to us to be a complete bar to the actions, because we think that the right to bring and maintain the suits accrued more than three years before they were commenced. And in arriving at this conclusion we regard the offering of the money by the sheriff to the plaint-

iffs as wholly immaterial. They were charged by the law with knowledge that the money was in his hands for them, and they knew it was their right to receive the money, at least, after the expiration of the time for taking the appeal, which was thirty days after the assessment was made. There is only one contingency authorizing the withholding of the money from the land-owner, and that is in case of an appeal from the assessment. Code, § § 1254, 1255. At any time after thirty days from the assessment they had an undoubted right to maintain an action against the sheriff for the money. It cannot with any show of plausibility be claimed that the statute did not commence to run in thirty days after the assessment was made. The fact that the plaintiffs did not appeal, but sought to prevent the building of the railroad by their actions for an injunction, did not arrest the operation of the statute of limitations, simply because the statute does not so provide. And even if the statute could be held in abeyance from any equitable considerations, the opinion rendered by this court in the injunction cases effectually disposes of any claim based upon that consideration.

It is no doubt correct, as urged by counsel for appellee, that when a public officer is elected to successive terms of office, and, at the close of the last term, it is ascertained that he is a defaulter, the presumption is that the default occurred during the last term. But that rule has no application in this case, because it appears affirmatively that the plaintiffs' action did not accrue during the last term, but before that.

In Wood, Lim., § 154, it is said: "The statute does not begin to run against a sheriff for moneys collected on an execution until a demand has been made upon him therefor, or until he has made a proper return of the execution as required by law, or, if no return has been made, until the lapse of time within which, by law, the return is required to be made." If this be the law,—and it appears to us that it is a fair and just rule,—upon principle an execution creditor may maintain an action for money made on execution at any time after

the return of the execution is required by law to be made. Upon the same principle the plaintiffs in these cases could have maintained an action against the sheriff for what they now claim, at any time after the expiration of the thirty days allowed for an appeal. But it is claimed that the sheriff, upon his re-election, received the money from himself, and that the rights of the parties should be determined the same as if another person had been elected sheriff, and received this money and given this bond. It seems to us that that would raise a different question. In that case no right of action would exist against the new sheriff until he was elected and qualified. In the case at bar the right of action existed during the first term, and it is very clear to us that his re-election did not arrest the operation of the statute of limitations. And the liability of his sureties cannot be greater than his own. But suppose that it should be conceded that the statute did not commence to run until a demand was made upon the sheriff; and suppose that the sheriff should be re-elected for a number of successive terms, and three years after his last election, which would be one year after the expiration of his last term of office, the plaintiffs should make the demand and bring their action within three years after that, alleging that the money was received by the sheriff some eight or ten years before, and that he had failed to pay it over to the plaintiffs. No person has the right to postpone the operation of the statute of limitations in that manner by failing to make the demand.

In *Prescott v. Gonser*, 34 Iowa, 175, it is said: "It is certainly not the policy of the law to permit a party against whom the statute runs to defeat its operation by neglecting to do an act which devolves upon him in order to perfect his remedy against another. If this were so, a party would have it in his power to defeat the purpose of the statute in all cases of this character. He could neglect to claim that to which he is entitled for even fifty years, unaffected by the statute of limitations, thereby rendering it a dead-letter. In

such a construction we cannot concur." See, also, *Baker v. Johnson Co.*, 33 Iowa, 151; *Hintrager v. Henessey*, 46 Id., 600; *Beecher v. Clay Co.*, 52 Id., 140; *First Nat. Bank of Garretsville v. Greene*, 64 Id., 445.

If the rule contended for by counsel were correct, sureties upon official bonds would never know when liability thereon would cease. We think that, upon the admitted facts, the plaintiffs have no right to maintain the actions.

REVERSED.