HUGH MARKEY v. HENRY A. SCHUNK, Mayor of the City of Dubuque, Iowa, and JAMES R. PICKLEY, Chief of Police of the City of Dubuque, Iowa, Appellants.

**Officers:** REMOVAL: IMPLIED POWER: LEGAL RESTRICTION. The power of suspension or removal from office is implied from the power of appointment, unless restricted by constitutional or statutory provisions, but the power of either appointment or removal may be regulated by law.

**Same:** MUNICIPAL CORPORATIONS: POLICE FORCE: REMOVAL: REINSTATEMENT. The statutes relating to the powers and duties of the chief of police in cities of the first class, authorize the chief of police to make his own appointments from a list of names to be furnished by the board of police and fire commissioners; and he has power to peremptorily suspend or remove his appointees, subject to the right of appeal to the commissioners from his action in so doing. In case the commissioners on appeal order the reinstatement of the suspended or discharged officer, the chief is not required to restore him to his former position, but in his discretion may give him a different position on the force; the term reinstate, as used in the statute, meaning restoration to the force and not to any particular position thereof.

*Appeal from Dubuque District Court.*—HON. M. C. MATTHEWS, Judge.

MONDAY, OCTOBER 23, 1911.

PROCEEDING by mandamus to compel the defendant, James R. Pickley, chief of police of the city of Dubuque, to reinstate the plaintiff as a captain on the police force.

A demurrer to the petition was overruled, and the defendant, James R. Pickley, electing to stand thereon, judgment was rendered for the plaintiff as prayed. James R. Pickley appeals. *Reversed.*

*Geo. T. Lyon* and *E. H. Willging,* for appellant.

*D. J. Murphy,* for appellee.

SHERWIN, C. J.—The plaintiff was a captain of police in the city of Dubuque, and was suspended from service on said force by the chief of police. He appealed from the action of the chief to the board of police and fire commissioners, and upon a hearing the said board ordered that he be suspended for thirty days for misconduct unbecoming an officer, and at the end of thirty days that he report for duty as night captain. When his period of suspension under this order had expired, the plaintiff presented himself to the chief of police and asked to be reinstated to his former position as captain of police. The chief refused to reinstate him as captain of police, but notified him that he might report for duty as police patrol. This the plaintiff refused to accept, and brought this action to compel the chief of police to reinstate him as a captain. The demurrer raised the question of power between the chief of police and the board of police and fire commissioners, and the only question before us is whether said board had the power, under title 5, chapter 2-a, of the 1907 Supplement to the Code, to order the plaintiff's reinstatement as captain. There is no serious disagreement between counsel as to general rules of law governing the appointment to and removal from office.

It is conceded that the power of removal is always implied from the power of appointment, and that it always exists, unless restrained and limited by some other provision of law. And such is undoubtedly the general

rule. But it is equally as well settled that both the power of appointment and removal, or either of such powers, may be fixed and regulated by the law, as embodied in either the Constitution or the statute, and that the law as expressly stated, or as clearly implied, will govern in place of the power implied from the appointment. The only matter for us to consider, therefore, is the meaning of the statute referred to in relation to the subject under consideration.

1. OFFICERS: removal: implied power: legal restriction.

The general scope and purpose of the statute is to promote the efficiency of the police force in cities of the class designated. Section 679-c, in so many words, so declares by the provision that each commissioner shall take an oath to "aim to secure and maintain an honest and efficient police and fire force, free from partisan distinction and control." Section 679-e provides that the board shall hold examinations for the purpose of determining the qualifications of applicants for positions on the police and fire force, and that the board shall "certify to the chief of police and the chief of the fire department the names of the ten persons who . . . have the highest standing as a result of said examination, and all vacancies which occur in the police and fire force prior to the date of the next regular examination shall be filled from the list so certified."

2. SAME: municipal corporations: police force: removal: reinstatement.

This section clearly says that both forces shall be recruited from the names that have been certified by the board as qualified for the position, but it does not attempt to say that any person on the list shall be given a particular place. On the contrary, it is to be implied therefrom that such matter is to be left to the sound discretion of the person having the appointing power. It is to be noticed that this section does not give the board the power to appoint, but only the power to furnish a list of ten names

from which the appointees shall be chosen, thus giving the appointing power discretion as to who shall be selected from the names reported, and for what positions. Section 679-f provides that the officers of the police force shall be a marshal, who shall be *ex-officio* chief of police, and shall be appointed by the mayor of said city, and such other officers as the city council may designate, and that the city council shall fix the number of policemen. This section in express language gives the city council power to designate what officers shall constitute the police force, except the marshal or chief, and to fix the number of policemen. Section 679-g says that the chief of police shall appoint the police force of said city; and section 679-h provides for removals, discharges, and appeals in the following language: "All police officers and policemen, except the chief of police . . . shall be subject to removal by the board of police and fire commissioners for misconduct or failure to perform their duty, under such rules and regulations as may be adopted by said board whenever said board shall consider and declare said removal necessary for the proper management or discipline of said department; but the chief of police . . . may peremptorily suspend or discharge any member of his force for misconduct or neglect of duty or disobedience of orders; provided, that any person so suspended or discharged, within five days thereafter, may appeal to said board and said board shall investigate the causes of his removal or discharge, and if the same are found insufficient, he shall be reinstated. The board shall have the power to enforce the attendance of witnesses and the production of books and papers and to administer oaths in the same manner and with like effect and under the same penalties as in the case of magistrates exercising civil or criminal jurisdiction under the statutes of Iowa."

All police officers, except the chief, are removable absolutely by the board, under said section, for cause, and the chief is therein given the power to suspend or dis-

charge, subject only to a review by the board. All of the foregoing is made plain by the language used. But the chief's power has this limitation, which is a proper one: That it is subject to review by the board; that is, he may suspend or absolutely discharge any of his subordinates, and that such suspension or discharge shall be final, unless upon appeal to the board, it shall determine otherwise, in which event the board has the power to order that such suspended member be reinstated. And the question is really narrowed down to the meaning of "reinstate" as here used. Did the Legislature mean that a member of the police force, who had been suspended or discharged from the force, should be reinstated to the force only, or reinstated to the force and to the position that he held when suspended or discharged? To suspend or discharge means to remove, either temporarily or permanently, from employment, and to reinstate may mean to receive back into employment only, or to put back into the same position or state from which removed.

Considering the whole tenor of the statute, we are inclined to the view that the Legislature intended no more than to require a continuance of employment on the force, and still left the chief of police free to determine what branch of the police service should be performed by the reinstated person. It is clear that, in the first instance, no one is given power to dictate to the chief who shall fill a certain position on the force; nor is there, in our judgment, any restriction of his right to make such changes in position as shall appear to be for the good of the service and for the maintenance of proper discipline. If the chief may place his men without restriction or control in the first instance, and may thereafter shift them as occasion may seem to require, we do not believe that the Legislature intended to take the power away from him, and give the board power to place a discharged or suspended man in a particular position, but intended only

to provide that he should be retained on the force in some position, leaving the chief free to place him where the good of the service would be best subserved. We are of the opinion that the demurrer should have been sustained, and that the judgment should be *reversed*.