J. C. WILSON, Appellee, v. H. H. STIPP et al., Appellants.

**MUNICIPAL CORPORATIONS:** Officers and Employees — Wrongful Discharge—Appeal to Civil Service Commission. The civil service commission in cities acting under the commission form of government (Sec. 1056-a32, Code Suppl. Supp., 1915) has no jurisdiction to entertain an appeal by a discharged civil service employee, when the appeal is taken more than five days after the discharge, even though no charges were ever preferred against the employee, and even though his discharge was irregular and entirely wrongful.

*Appeal from Polk District Court.*—J. D. WALLINGFORD, Judge.

SEPTEMBER 19, 1922.

CERTIORARI to test the jurisdiction of the civil service commission of the city of Des Moines to entertain the application for reinstatement of appellee, who had been wrongfully discharged. After more than five days had elapsed from the time of the discharge, the commission refused jurisdiction. The trial court held that the commission had jurisdiction to entertain the application for reinstatement, and sustained the writ. From such order this appeal is taken by the commission.—*Reversed and remanded.*

*W. E. Miller, H. H. Griffiths, Chauncey A. Weaver,* and *Russell Jordan,* for appellants.

*Fred T. Van Liew,* for appellee.

ARTHUR, J.—In 1912, J. C. Wilson, appellee, passed the civil service examination, and was appointed on the police department of the city of Des Moines, Iowa. He served in various capacities, and was, on April 15, 1920, serving as superintendent of the garbage plant. On April 15, 1920, Marshall Miller, superintendent of public safety, the department in which Wilson was employed, removed Wilson from his position and replaced him with another man. On October 5, 1920, Wilson served and filed his written application with the civil service commission, requesting a review of the proceedings involved in his removal, and an order reinstating him as a civil service employee of the city of Des Moines, and replacing him upon the pay roll of the public safety department. The civil service commission held that it had no jurisdiction to grant Wilson's application because Wilson had not applied to the commission within five days after his removal from service, and denied the application. Whereupon, this proceeding was instituted, a writ issued, and return to the writ made, including stipulation of facts. A motion to quash the writ was overruled. The cause was heard. The trial court found, among other things, that:

"Marshall Miller, as superintendent of public safety, removed said Wilson from his employment, and from the pay roll of said city, and replaced him by another person in the same

capacity or occupation and holding the same title; that, under Division c of Section 1056-a32 of the Supplemental Supplement of the Iowa Code, that said Marshall Miller, as such superintendent, had no authority to remove the said Wilson, but had authority only to affirm or revoke the discharge of said Wilson by the chief of some division of public safety, or some foreman or superintendent in charge of municipal work in said department; that there was no discharge of said Wilson by any person mentioned in said statute, and that there was no affirmance, as provided therein; that said Wilson was removed April 15, 1920, and served notice and filed his said application October 5, 1920.''

The court sustained the writ, and entered decree annulling the ruling of the civil service commission, holding that the civil service commission still had jurisdiction to consider the plaintiff's application, and directed the commission to correct its error by proceeding to consider the same. From such decree this appeal is taken.

In an agreed statement of the proceedings and facts, embodied in the return to the writ, it is stipulated that the only reason for the discharge of appellee was that the superintendent of public safety understood that the employment of Wilson was not under civil service, and desired another man, not under civil service, to take Wilson's place; that no written charges were filed against Wilson, and no opportunity was given Wilson to be heard; that the commission was not notified of Wilson's discharge; that Wilson was not charged with nor was he guilty of any misconduct or failure to properly perform his duties, nor had he violated any rule or regulation or statute regulating the conduct of any civil service employee; that there was no affirmance of the discharge by the superintendent of public safety (the discharge was made by the superintendent of public safety) upon a discharge by a chief of police, chief of the fire department, or any superintendent or foreman in charge of municipal work; and that Wilson has at all times been ready, able, and willing to perform duty as a civil service employee in any division of the department of public safety.

The question presented is whether or not the civil service commission, appellants, had jurisdiction to entertain appellee Wilson's application, filed more than five days after the date

when he was removed from service by the superintendent of public safety, Wilson having violated no rule or regulation of any civil service law or ordinance, and no charge being preferred against him by anyone named in the statute.

It is agreed by all parties concerned that the removal or discharge of Wilson was wrongful; that his rights under the civil service rules were ruthlessly invaded. Counsel for appellee Wilson argues, with skill and ingenuity, that, without the making of a charge against Wilson, and an affirmance of the charge by the superintendent of public safety, in which department Wilson was employed at the time of his removal, the five days' limitation provided in the statute for taking appeal does not begin to run. Counsel's theory is that the removal was accomplished without any of the requisites of a legal discharge, and that, therefore, Wilson was not legally discharged; that the limitation provided by the statute for five days' notice of appeal would not begin to run until proceedings were had, as provided by statute, Code Supplement, 1913, Section 1056-a32. That is, as we understand counsel, before the five days' limitation would begin to run, there must have been a charge made against Wilson by the chief of some division of public safety under which he was employed, based on "neglect of duty, disobedience of orders, or misconduct," and his discharge must have been made by such officer, and such discharge affirmed by the superintendent of public safety, before Wilson would have the right or privilege of appeal to the civil service commission; and that, in the absence of such proceedings, the five days provided for by the statute within which to appeal, and to have his case presented to the commission, do not begin to run. We cannot agree with counsel. Though it is conceded by all parties that Wilson was removed from office without cause or justification, by an officer without authority, yet he was discharged. He was removed from his job. At the moment when he was removed from his position, his rights were invaded. It was then that he received injury. It was then that his cause of action and right of appeal accrued. To have his rights established, Wilson must then apply to the civil service commission. To regain his position,—to be reinstated,—he must present his grievance to the civil service commission. That was his remedy. Manifestly, the five days within

which appeal must be taken commenced on the day he was removed from his position of employment.   Code Supplement, 1913, Section 1056-a32.

The two pivotal dates are April 15, 1920, when Wilson was removed, and October 5, 1920, when he applied to the civil service commission for reinstatement.   These two dates measure the passing of five months and twenty days of time.   Suspensions or discharges made from the classified civil service are regulated by statute, Section 1056-a32, supra, which prescribes the manner and method thereof.   The statute provides:

''The chief of police, the chief of the fire department, or any superintendent or foreman in charge of municipal work, may peremptorily suspend or discharge any subordinate then under his direction for neglect of duty, disobedience of orders or misconduct, but shall, within twenty-four hours thereafter, report such suspension or discharge, with the reason therefor, to the superintendent of his department, who shall thereupon affirm or revoke such suspension or discharge according to the merits under the facts in the case.   Every officer or employee so suspended or discharged and whose suspension or discharge has been affirmed, or the officer or person so suspending or discharging a subordinate when such suspension or discharge has been revoked, as the case may be, may, within five days from the affirmance or revocation of any such suspension or discharge, appeal therefrom to the civil service commission, * * * and such commission * * * shall fully hear and determine the appeal upon the merits of the case.''

Conceding that the removal of Wilson was unwarranted, and was not accomplished in the manner provided by statute, we do not see how these matters can affect the time within which Wilson should have presented his grievance to the commission. For the legal wrong visited upon him, the statute provided Wilson with a remedy.   This remedy must be utilized within the time provided by the statute.   Statutes of limitation relate to remedy, and not to the manner and essence of the injury.   *Edwards v. McCaddon*, 20 Iowa 520.   The commission had jurisdiction to consider and pass upon the wrong and injury sustained by Wilson, if presented to it in time.   The irregular and illegal manner by which Wilson's discharge was effected per-

tained to the essence of the wrongful act of discharge; while the sole question presented here is as to remedy. In 25 Cyc. 1199, it is said:

"Where, although the cause of action itself has accrued, some preliminary step is required before a resort can be had to the remedy, the condition referring merely to the remedy, and not to the right, the cause will be barred if not brought within the statutory period; therefore the preliminary step must be taken within that period."

As bearing on limitation of time to invoke remedy, see *Prescott v. Gonser*, 34 Iowa 175; *Lower v. Miller*, 66 Iowa 408; *Home Sav. & Tr. Co. v. District Court*, 121 Iowa 1; *Lougee v. Reed*, 133 Iowa 48; *Ogg v. Robb*, 181 Iowa 145. In *Savings & Trust Co. v. Polk County Dist. Court*, supra, we said:

"Our appellate jurisdiction must be exercised according to law. Generally speaking, appellate tribunals derive their jurisdiction over any case from the law, and the parties cannot by consent confer jurisdiction. Moreover, when the legislature prescribes the method for the exercise of the right of appeal or supervision, such method is exclusive, and neither court nor judge may modify these rules without express statutory authority, and then only to the extent specified."

There is close analogy presented between the *Lougee* case and the case before us. In the instant case, there was official duty imposed upon the officers by statute. There was omission to perform that duty. There was failure to follow the statute, as is in such cases made and provided, and that which was done, or failed to be done, constituted an invasion of Wilson's rights, for which a remedy was provided, if utilized in time. In the *Lougee* case, an action to recover damages caused by a failure of the clerk of the district court to properly perform an official duty, the issue of statutory limitation being involved, we said:

"The liability of the defendant is for the omission, and here, also, it is not material to inquire what may lie back of such omission as the inducing cause. This must be true because on the part of plaintiff there was an absolute right to have the particular duty promptly and properly performed, and the defendant could not excuse his dereliction on plea of a mistaken notion of his duty, much less his ignorance or carelessness. * * *

As the action is one based upon the failure or omission of the defendant as clerk to perform an official duty, it follows that the statute of limitations was properly invoked, and the ruling upon the demurrer was correct.''

The effect of the holding in the *Lougee* case is that it is immaterial how the neglect of duty on the part of the clerk came about. The plaintiff ignored his remedy by permitting three years to elapse—the limitation as to such an action—before beginning his action, and was compelled to stand the penalty of his own negligence.

In *Ogg v. Robb*, supra, is found quite an exhaustive review of cases bearing on this point. In that case, we held that the statute of limitations commences to run from the time of the injury, and not from the time plaintiff becomes fully advised of the extent thereof. The date of Wilson's injury was April 15, 1920, when he was removed from his position, and from that date the 5-day opportunity for appeal began to run. Since Wilson did not present his appeal and application for reinstatement to the civil service commission until October 5, 1920, the commission was without jurisdiction to entertain the same. It was error to refuse to quash the writ.

The finding and decree of the district court must be and are reversed. The case is remanded for orders and judgment in accordance with this decision.—*Reversed and remanded.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.