H. R. ALLGOOD, Appellant, v. CITY OF OSKALOOSA et al., Appellees.

No. 45767.

DECEMBER 9, 1941.

Harold J. Fleck, McCoy & McCoy, and Ver Ploeg, Ver Ploeg & Ver Ploeg, for appellant.

L. R. Carson and H. S. Life, for appellees.

OLIVER, J.—In January, 1941, plaintiff instituted action in mandamus against defendants, City of Oskaloosa, its chief of police, mayor, members of the city council and other city officials. Therein plaintiff alleged his appointment to the city police department, as a patrolman, under civil service rules, on April 5, 1937, and his subsequent appointment on said date as chief of police of Oskaloosa; that on April 2, 1939, a new chief of police was appointed; that on April 3, 1939, plaintiff reported for duty as a patrolman to the new chief of police and mayor and was, by them, orally advised that there was no vacancy in the police department or work for the plaintiff; that immediately thereafter two members of the police department were elevated to the position of patrolman and two new men were given the positions vacated by them; that the aforesaid acts were without authority, arbitrary and illegal; that plaintiff was not removed, demoted or suspended for neglect, disobedience, misconduct or failure to properly perform his duties; that no copy of said order of discharge was given to the civil service commission, nor was any such order made; that no report was made to the mayor and no charges were filed before or hearing had by the civil service commission; and that said actions and procedure did not comply with the civil service law, chapter 289, Code of Iowa, 1939. Plaintiff also alleged that at all times since, he was ready, able and willing to perform any duties assigned to him as a patrolman upon said police force.

He prayed that the chief of police be ordered to reinstate him as a patrolman and that the proper city officials be ordered to allow and pay his salary as such from April 3, 1939.

The petition was assailed by motion to dismiss, which asserted the provisions of the civil service law afforded plaintiff a remedy of which he had failed to avail himself. The court sustained said motion and entered judgment against plaintiff. From said ruling and judgment plaintiff prosecutes this appeal.

I. It is suggested by appellant that the statements made plaintiff by the chief of police and mayor "that there was no vacancy in the police department or work for the plaintiff" were not sufficient to constitute the removal or discharge of appellant within the meaning of the civil service law. In Markey v. Schunk, 152 Iowa 508, 512, 132 N. W. 883, 885, the court said:

"* * * to * * * discharge means to remove, * * * permanently, from employment."

No particular words or acts are essential to constitute a discharge. It is sufficient if there be an intention to discharge evidenced by words or acts, which unequivocally show the intent. The petition in this case alleged that the words of the chief of police and mayor, refusing plaintiff the right to work as a patrolman, were immediately followed by other appointments to and promotions in the police force.

In Dickey v. King, 220 Iowa 1322, 1324, 263 N. W. 823, 824, a letter stating, " '* * * your services will no longer be required * * *' " was considered a discharge. We are satisfied the language and acts pleaded in the instant case were sufficient to constitute the removal or discharge of appellant from the police force.

II. Code section 12446 provides that an order of mandamus shall not issue where there is a plain, speedy and adequate remedy in the ordinary course of the law. Provisions of this nature have been said to be merely declaratory of the common-law practice. 34 Am. Jur. 837.

As a general rule where a statutory remedy has been provided it will bar the right to mandamus. 34 Am. Jur. 840. Lanphier v. Tracy Consolidated School District, 224 Iowa 1035,

200

277 N. W. 740, 118 A. L. R. 801; Pierce v. Green, 229 Iowa 22, 45, 294 N. W. 237, 251, 131 A. L. R. 335. To serve as a bar the other remedy must be clear. It must be equally convenient, beneficial and effective. Ordinarily, it must be such as will enforce the right or compel the performance of the particular duty in question—in effect specific performance. Pierce v. Green, supra.

██ It should be noted that in order to serve as a bar it is not necessary that the other remedy be available at the time of applying for mandamus. If such other remedy was at one time available but has since been lost through failure and neglect of the applicant to avail himself thereof, the writ will not lie. 34 Am. Jur. 837, 838.

██ The remedy by appeal to the civil service commission provided for in chapter 289 of the Code meets all of the above requirements. Said provisions furnish a clear, speedy, convenient, complete and effective remedy to one to whom the statute is applicable, including the reinstatement of a discharged employee as of the date of his discharge with such compensation as shall be determined. In the language of Misbach v. Civil Service Commission, 230 Iowa 323, 327, 297 N. W. 284, 286:

"The Commission is protection and a shield to the civil service employee against an arbitrary or capricious removal."

██ Perhaps it should be pointed out that the special provisions of Code section 1162, concerning mandamus in cases under the Soldiers Preference Law, are not applicable in this case.

██ III. Appellant contends it was not incumbent upon him to appeal to the civil service commission, and that the failure of the proper officers of the city to appeal gave him the right to proceed by mandamus a year and nine months after his discharge. In Wilson v. Stipp, 194 Iowa 346, 189 N. W. 665, a proceeding in certiorari, this court had occasion to consider a similar situation.

In that case there were no statutory grou___ ___ ___ ___ ___ and no charges were filed. N_ ___ the (c_ ___ ___ employee discharged by the chief of the division of public safety in which he was employed. Instead, there was a wrongful discharge by the superintendent of public safety. The commission

was not notified of the discharge. It was contended that the discharge must have been made by the proper officer upon the grounds and in the manner provided by statute and such discharge affirmed by the superintendent of public safety before Wilson would have the right or privilege of appeal to the civil service commission. But the court said, page 349 of 194 Iowa, page 666 of 189 N. W.:

"Though it is conceded by all parties that Wilson was removed from office without cause or justification, by an officer without authority, yet he was discharged. He was removed from his job. At the moment when he was removed from his position, his rights were invaded. It was then that he received injury. It was then that his cause of action and right of appeal accrued. To have his rights established, Wilson must then apply to the civil service commission. To regain his position,—to be reinstated,—he must present his grievance to the civil service commission. That was his remedy."

At the time of the Wilson case the statute in effect was section 1056-a32, Code Supplemental Supplement of 1915. In later Codes this section was subdivided with some changes in language and arrangement and also changes in certain provisions. Sections 5702 to 5711 inclusive, Code of 1939, contain the provisions governing removals or discharges and appeals to the civil service commission. Both the former and present statutes give to every employee, whose discharge has been affirmed, a right of appeal to the civil service commission. However, under the former statute, the discharging officer could appeal when the discharge had been revoked. The present statute permits appeal by the discharging officer, if the discharge is not affirmed within five days.

Appellant contends this change in language broadens the right of appeal of the discharging officer, and thereby narrows appellant's right of appeal to the commission. We do not agree with this conclusion. The right of the discharged employee to appeal is not changed (except that the time therefor is extended). Moreover, in this case it is alleged the words concerning the discharge were spoken to appellant by the chief of police and mayor. Obviously, the mayor either joined in or specifically

approved the discharge. In either event, the action of the officer who was authorized to affirm or revoke the discharge was clearly unfavorable to appellant and was in effect an affirmance. If appellant was dissatisfied, it was incumbent upon him to appeal to the civil service commission. "That was his remedy." It was not destroyed by the irregular manner in which the discharge was effected and affirmed. With such remedy available, mandamus did not lie. The ruling sustaining the motion to dismiss was correct.

Wherefore, the judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.