SPRINGVILLE COMMUNITY SCHOOL DISTRICT et al., appellants, v. IOWA DEPARTMENT OF PUBLIC INSTRUCTION et al., appellees.

No. 50282.

(Reported in 109 N.W.2d 213)

MAY 2, 1961.

Donnelly, Lynch, Lynch & Dallas, Claassen, Kreuter, Claassen & Ford and Carl Hendrickson, Jr., all of Cedar Rapids, for appellants.

James T. Remley and Rees, Remley & Heiserman, all of Anamosa, Rex Schrader, of Monticello, Evan Hultman, Attorney General, and Theodor W. Rehmann, Jr., Assistant Attorney General, for appellees.

THORNTON, J.—This is a school reorganization case. The principal question involved is the jurisdiction of the State Department of Public Instruction. Our holding in Brighton Independent Sch. Dist. v. County Boards of Education etc., 252 Iowa 734, 108 N.W.2d 510, governs this case and requires a reversal here.

Able counsel for the parties here, of course, did not have the benefit of Brighton in the preparation and presentation of this case.

In the spring of 1958 the Jones and Linn County Boards held joint meetings on planning to determine plans for territory lying near their common county line. A controversy arose and was submitted to the State Department of Public Instruction pursuant to section 275.8 (all references are to the 1958 Code of Iowa except as otherwise indicated). The Department in its decision of August 29, 1958, assigned Viola Consolidated School District to the Linn County plan.

In the spring of 1959 a petition proposing the formation of the Anamosa Community School District and asking a change in county plans was filed. The petition described territory in both counties and included the Viola district. This district is principally in Linn County. The county boards of education of the two counties held a joint meeting on April 7, 1959, to consider the petition and hear objections. Two small tracts of land in Jones County were deleted on motion. It was then moved that the entire area of the Viola district and the portion of

Hoosier Bend included in the petition be deleted from the proposed district. On a roll call vote on this motion there was a tie vote, the five Linn County Board members voting for the motion, the five Jones County members voting against it. The motion was declared lost for the want of a majority. It was then moved the boundaries of the proposed district be fixed as set forth in the petition except for the deletion noted above. Again there was a tie vote, five from Jones County voted for the motion, five from Linn County against it. The motion was again declared lost for want of a majority. A motion was then made by a board member from Jones County and seconded by a member from Linn, reciting a controversy had developed and that it appeared the boards could not agree, that the matter be presented to the State Department of Public Instruction for determination. The motion carried unanimously. Then, on motion, the meeting was adjourned.

The State Department, after a hearing, approved the district as proposed, except for the territory deleted by the joint boards. The trial court affirmed this action.

The appellants contend for reversal here, 1, the joint boards had not performed the mandatory duty cast on them by section 275.16 to either determine and fix boundaries or dismiss the petition and until such decision was made there was nothing to be submitted to the department and consequently the department was without jurisdiction; 2, there was insufficient joint planning as required by section 275.8; and 3, the decision of the department of August 29, 1958, was binding under the circumstances.

I. The first contention requires a reversal based on our holding in the Brighton case, supra. In the Brighton case the joint boards defeated nine to five a motion to approve the petition and without further action adjourned. We there point out the duty placed on the joint boards by section 275.16 to determine and fix boundaries or dismiss the petition is mandatory. Anderson v. Hadley, 245 Iowa 550, 63 N.W.2d 234. The controversy arising from such meeting that may be brought to the department by an aggrieved board or district is one arising from a final decision of the joint boards either fixing the

boundaries for the proposed district or dismissing the petition. There is no statutory provision in section 275.16 for bringing a controversy over an intermediate motion or interlocutory order to the department.

■ II. Because of the arguments advanced by appellees and statements occurring in State ex rel. Harberts v. Klemme Community School District, 247 Iowa 48, 52, 72 N.W.2d 512, 514, and Board of Education in and for Franklin County v. Board of Education in and for Hardin County, 250 Iowa 672, 677, 95 N.W.2d 709, 712, the distinction between sections 275.8 and 275.16 should be pointed out in addition to what has been said in the Brighton case. The appellees contend section 275.8 gives the department jurisdiction to pass on joint planning questions arising during a hearing held by joint boards pursuant to section 275.16. This statement appears in Board of Education v. Board of Education, supra, at page 677 of 250 Iowa, page 712 of 95 N.W.2d:

"* * * The county boards acting as one board excluded this territory, thus raising a controversy over the planning of the joint district petitioned for * * *. This is the situation covered by the statute (Code section 275.8, Code of Iowa, 1958) [Code citation not shown in 95 N.W.2d] which says: * * *."

We then set out two portions of section 275.8. Standing alone it appears to sustain appellee's contention. Actually it does not. We were there deciding that an independent school district had the right to bring the controversy to the department where there is no controversy between the joint boards and neither of the boards appealed. The joint boards had excluded territory in which the independent district was interested. The reference to joint planning is only to point out the nature of the controversy. The point of the statement and reference to section 275.8 is to show the independent district is an aggrieved party, as there defined, which may appeal to a court of record to which we are referred by the following portion of section 275.16:

"* * * This decision may be appealed to a court of record in one of the counties by any aggrieved party to the controversy as defined in section 275.8, * * *."

The statement appears in the opinion to show the appeal by the independent district was proper on any theory advanced after it had been pointed out that the independent district was a proper party to bring the controversy to the department by the provision of section 275.16 which provides:

"* * * In case a controversy arises from such meeting, the county board or boards or *any school district aggrieved* may bring the controversy to the state department of public instruction * * *." (Emphasis added.)

The reference in the Klemme case to sections 275.8 and 275.16 as being the prescribed and governing procedure is not inconsistent herewith. Such reference was to the Code of 1954 when the appeal provision of section 275.16 was as follows: "* * * unless county plans are amended in which event the decision of the joint county boards may be appealed as provided in section 275.8. * * *."

At that time section 275.8 provided:

"The state department of public instruction shall co-operate with the several county boards of education in making the studies and surveys required hereunder. In the case of controversy over the planning of joint districts, the matter shall be submitted to the state board [department] of public instruction and its decision may be appealed to a court of record in one of the counties involved, by an aggrieved party to the controversy, within thirty days after the decision of the state board [department] of public instruction. * * *."

It seems clear section 275.8 then applied only to joint planning arising from studies and surveys and provided a manner of review. Section 275.16 referred to the hearing and decision to be made by joint boards when acting on a petition for a proposed school corporation and provided for an appeal of the decision of the joint boards in the event county plans were amended by the decision, the appeal to the department and a court of record to be in the manner provided in then section 275.8. The language used excluded any appeal other than from the final decision of the joint boards.

The Fifty-seventh General Assembly, chapter 129, section 11, amended section 275.8 by adding thereto a definition of an

aggrieved party and a definition of joint planning. The portion thereof appearing in the 1954 Code was not changed.

The Fifty-seventh General Assembly, chapter 129, section 15, amended section 275.16 by striking therefrom the portion thereof above set out and by adding thereto in pertinent part the following:

"The joint boards acting as a single board shall determine whether the petition conforms to county plans or, if the petition requests a change in county plans, whether such change should be made, and shall have the authority to change the plans of any or all the county boards affected by the petition, and it shall determine and fix boundaries for the proposed corporation * * * or dismiss the petition. The county superintendent shall at once publish this *decision* * * *.

"In case a controversy arises from *such meeting*, the county board or boards or any school district aggrieved may bring the controversy to the state department of public instruction, as provided in section 275.8 [of the Code], within twenty days from the publication of this *order*, and if said controversy is taken to the state department of public instruction, a ten-day notice in writing shall be given * * *." (Emphasis added.)

It is apparent the amendment to section 275.8 in no way made it applicable to the action of joint boards at a meeting and hearing for the purpose of considering a petition for a proposed school corporation. It deals with studies, surveys and joint planning before that stage is reached.

It is likewise apparent the amendment to section 275.16 set forth with greater particularity the authority of joint boards when a change of county plans is requested by the petition. It still retains the provisions requiring the joint boards to fix boundaries or dismiss the petition and·requiring the superintendent to publish "this decision." Next is provided the manner of review by the department and the courts. The wording, "In case a controversy arises from such meeting", clearly indicates a controversy from a completed meeting, one at which a decision was reached and published. The time fixed for bringing the controversy is, "within twenty days of the publication of this order." Such controversy is not now limited to, "* * * unless

county plans are amended in which event the decision * * * may be appealed * * *" but there is nothing therein to lend support to appellees' contention an intermediate controversy over joint planning arising during the meeting of joint boards may be appealed. We do not believe "* * * the county board * * * aggrieved may bring the controversy to the state department of public instruction, as provided in section 275.8 * * *", can be construed to mean under the circumstances provided in section 275.8. The circumstance or event giving rise to bringing the controversy has been stated immediately preceding in these words, "In case a controversy arises from such meeting", and the decision set out in the paragraph preceding. Therefore "as provided in section 275.8" must be given its normal meaning of in the manner provided in section 275.8, i.e., "shall be submitted", indicating informality of proceeding as distinguished from the formal appeal from a court of record to this court. We hold section 275.16, Code of Iowa, 1958, alone confers jurisdiction upon the State Department of Public Instruction to decide a controversy arising from a meeting of joint boards to consider a petition proposing a school corporation.

III. It is urged by appellees the motion of the joint boards presenting the controversy to the State Department is sufficient to confer jurisdiction. No authority is cited so holding. The case of District Township of Walnut v. Rankin, 70 Iowa 65, 29 N.W. 806, merely holds a school district has the power to settle a claim against its treasurer by submitting the same to arbitration. It does not support appellees here. The general rule is a public administrative board or agency has only such adjudicatory jurisdiction as is conferred on it by statute. Jurisdiction cannot be conferred by waiver or consent on the State Department of Public Instruction any more than upon a court. Its acts without jurisdiction are void. 73 C. J. S. 435, Public Administrative Bodies and Procedure, section 116; 42 Am. Jur. 441, Public Administrative Law, section 109; Insurance Company of North America v. Commissioner of Insurance, 327 Mass. 745, 101 N.E.2d 335; Board of Assessors of City of Boston v. Suffolk Law School, 295 Mass. 489, 4 N.E.2d 342; and Walsh

v. A. Waldron & Son, 112 Conn. 579, 153 A. 298, 78 A. L. R. 1301.

■ IV. Appellants' contentions that there was insufficient required joint planning and the planning decision of the department of August 29, 1958, was binding under the circumstances are inconsistent. Appellants contend the steps set out in section 275.8 defining joint planning were not done. The record affirmatively shows the boards of Linn County and Jones County held meetings on joint planning concerning the same territory involved here in the spring of 1958, a controversy arose and was submitted to the department resulting in the decision of August 29, 1958. At that point there was an established tentative plan. The purpose of such plan is to serve as a basis for future forming of workable school corporations. Once there is a joint plan there is no need for continual planning, except as is incidental to forming a proposed school corporation under section 275.16. Peterson v. Board of Education in and for Hamilton County, 251 Iowa 1306, 1310, 104 N.W.2d 821, 823.

■ V. The contention the department's decision of August 29, 1958, on joint planning is binding and cannot be changed is wholly without merit. The very purpose of the studies, surveys and county plans provided for in sections 275.1 to 275.4 and joint plans in 275.8 is to serve as a basis for future action in forming school districts within the county and joint districts in more than one county. The decision of the department concluded with this paragraph:

"The foregoing decision on boundary lines will give both counties jurisdiction until such time as the county boards arrive at more definite conclusions as to formation of administrative units adjacent to the areas in question."

This paragraph not only shows the intent of the department that the order be tentative but that the order was to serve as a basis for future action. The order would have been tentative without this paragraph. One of the purposes of section 275.16 is to change such plans where proper.

The judgment of the trial court is reversed, the decision of the State Department of Public Instruction is set aside and the matter now stands before the joint boards as of the time immedi-

ately preceding the motion to present the controversy to the State Department.—Reversed.

GARFIELD, C. J., and BLISS, OLIVER, HAYS, PETERSON, and SNELL, JJ., concur.

THOMPSON, J., takes no part.