CHARLES A. ANTRIM et al., appellants, v. CIVIL SERVICE COMMISSION OF CITY OF DES MOINES et al., appellees.

No. 52687.

(Reported in 154 N.W.2d 711)

DECEMBER 12, 1967.

Stewart, Miller, Wimer, Brennan and Joyce, by Joseph B. Joyce, of Des Moines, for appellants.

Philip T. Riley, Anthony T. Renda, John F. McKinney, Jr., Gary H. Swanson, and Robert D. McAllister, by Gary H. Swanson, of Des Moines, for appellees.

RAWLINGS, J.—At all times here concerned plaintiffs were detectives in the Des Moines Police Department.

November 30, 1964, the city council adopted an ordinance effective March 8, 1965, under which the positions held by certain municipal employees, including plaintiffs, were reclassified with attendant pay scale revisions.

Plaintiffs were granted a uniform increase in compensation but not equal to that accorded sergeants in the department. Historically they had drawn the same pay.

September 27, 1965, plaintiffs gave notice of appeal to the Civil Service Commission contending, as to them, the aforesaid pay variance constituted a demotion.

October 11, 1965, the city council, by special appearance, challenged jurisdiction of the commission to entertain the appeal, claiming absence of timely notice.

After hearing, the commission found it lacked jurisdiction. Plaintiffs sought review by certiorari, and the district court concluded the commission's finding was proper. We agree.

I. As previously disclosed the ordinance involved became effective March 8, 1965, but notice of appeal was not given until September 27 or after more than six months had elapsed.

Section 365.20, Code 1962, provides: "If there is an affirmance of the suspension, *demotion*, or discharge of any person holding civil service rights, he may, *within twenty days thereafter*, appeal therefrom to the civil service commission. If the suspension, *demotion*, or ,discharge is not affirmed within five days the person who suspended, *demoted*, or discharged such officer or employee may in like manner appeal." (Emphasis supplied.)

Plaintiffs contend this statutory enactment is not applicable but refer us to no other law under which a municipal employee may appeal to the Civil Service Commission.

Furthermore, Wilson v. Stipp, 194 Iowa 346, 189 N.W. 665, resolves the matter adverse to plaintiffs. In that case the employee was discharged April 20, 1920, but did not give notice of appeal until the following October. There were no statutory grounds for his discharge and no charges were filed. Neither was the employee, a policeman, removed from office by the chief of police. In fact there was a conceded wrongful termination of employment by the department superintendent. No notice of discharge was given to the commission.

Holding the commission was without jurisdiction to act, this court said at pages 350, 351 of 194 Iowa:

"Conceding that the removal of Wilson was unwarranted, and was not accomplished in the manner provided by statute, we do not see how these matters can affect the time within which Wilson should have presented his grievance to the commission. For the legal wrong visited upon him, the statute pro-

vided Wilson with a remedy. This remedy must be utilized within the time provided by the statute. Statutes of limitation relate to remedy, and not to the manner and essence of the injury. Edwards v. McCaddon, 20 Iowa 520. The commission had jurisdiction to consider and pass upon the wrong and injury sustained by Wilson, if presented to it in time. The irregular and illegal manner by which Wilson's discharge was effected pertained to the essence of the wrongful act of discharge; while the sole question presented here is as to remedy. In 25 Cyc. 1199, it is said:

" 'Where, although the cause of action itself has accrued, some preliminary step is required before a resort can be had to the remedy, the condition referring merely to the remedy, and not to the right, the cause will be barred if not brought within the statutory period; therefore the preliminary step must be taken within that period.' "

Later in Allgood v. Oskaloosa, 231 Iowa 197, 1 N.W.2d 211, a discharged policeman sought restoration to his position by mandamus. This action was challenged by a motion to dismiss, asserting the statutory remedy by appeal to the commission barred mandamus. The motion was sustained. Plaintiff appealed and this court affirmed. In so doing we held the statutory remedy by appeal to the Civil Service Commission provides a clear, speedy, convenient, complete and effective remedy to one to whom the statute is applicable.

And, as disclosed in Allgood v. Oskaloosa, supra, there have been no relevant changes effected by statutory revision since the Wilson case, except that time for appeal to the commission has been extended from five to twenty days, and the term "demotion" was added to "suspension" and "discharge."

It is to us evident section 365.20 of the Code, quoted above, is here applicable and controlling.

II. Plaintiffs also take the position time for appeal varied as to each of them.

In so doing they refer to the fact that under the ordinance the new pay scale took effect on the appointive anniversary date of each plaintiff individually, and this, not the effective date of the ordinance, is controlling. We cannot agree.

Touching on that subject this court said in Wilson v. Stipp, supra, loc. cit., 194 Iowa 349: "Though it is conceded by all parties that Wilson was removed from office without cause or justification, by an officer without authority, yet he was discharged. He was removed from his job. At the moment when he was removed from his position, his rights were invaded. It was then that he received injury. It was then that his cause of action and right of appeal accrued. To have his rights established, Wilson must then apply to the civil service commission. To regain his position—to be reinstated—he must present his grievance to the civil service commission. That was his remedy."

Referring now to the case at hand, it stands without dispute the ordinance reclassifying positions and revising pay scales was properly enacted and duly published.

The argument advanced by plaintiffs that the effective date of the ordinance is not controlling overlooks the fact their attempted appeal to the commission is unavoidably based upon a claim *the ordinance served in effect to demote them*. In a legal sense any pay variance is merely incidental to the ordinance-created wrong.

Since the premise upon which they sought administrative review is adoption of the alleged offending ordinance, the effective date of that municipal enactment is the commencement point of the statutory period within which their appeals could be lawfully taken.

Under the circumstances we are satisfied, if there was an invasion of plaintiffs' rights, it occurred on the effective date of the ordinance. Their lawful right of appeal then accrued, and they manifestly failed to pursue the remedy provided within the twenty days prescribed by law.

III. However, plaintiffs contend the special appearance filed by the city was of no legal force or effect.

Here they refer to section 365.22 of the Code which provides written specifications of charges shall be filed within five days after notice of appeal has been given.

No such specifications were submitted, and the special appearance was filed about fourteen days after notice of appeal had been given.

Elk River Coal & Lumber Co. v. Funk, 222 Iowa 1222, 1235, 271 N.W. 204, 110 A.L.R. 1415, discloses it is doubtful whether a special appearance is applicable to proceedings before an administrative body or board. See also 2 Am.Jur.2d, Administrative Law, section 366, page 176.

Be that as it may, plaintiffs do not challenge the special appearance procedurally. They argue, in effect, where jurisdiction is lacking it may still be conferred by estoppel or consent, i.e., by the city's failure to file specifications it lost all right to challenge the board's authority.

Jurisdiction is unquestionably essential to the validity of any proceeding undertaken by a public administrative tribunal, without which its actions are void. See 73 C.J.S., Public Administrative Bodies and Procedure, section 66, page 392, and 2 Am.Jur.2d, Administrative Law, sections 321, page 146; 327, 328, pages 149-151; and 489, page 295.

All appeals are pure creatures of statute. Bales v. Iowa State Highway Commission, 249 Iowa 57, 60, 86 N.W.2d 244.

And laws relating to appeals are generally accorded strict construction. Crawford v. Iowa State Highway Commission, 247 Iowa 736, 742, 76 N.W.2d 187; Civil Service Law, by Oliver P. Field, page 212; and 2 Am.Jur.2d, Administrative Law, sections 354, page 168, and 360, page 172.

Furthermore, an appellate tribunal derives its jurisdiction from the law. It cannot be acquired by estoppel or consent alone. Turning again to Wilson v. Stipp, supra, loc. cit., 194 Iowa 351, this court stated:

"As bearing on limitation of time to invoke remedy, see Prescott v. Gonser, 34 Iowa 175; Lower v. Miller, 66 Iowa 408; Home Sav. & Tr. Co. v. District Court, 121 Iowa 1; Lougee v. Reed, 133 Iowa 48; Ogg v. Robb, 181 Iowa 145. In Savings & Trust Co. v. Polk County Dist. Court, supra, we said:

" 'Our appellate jurisdiction must be exercised according to law. Generally speaking, appellate tribunals derive their jurisdiction over any case from the law, and the parties cannot by consent confer jurisdiction. Moreover, when the legislature prescribes the method for the exercise of the right of appeal

or supervision, such method is exclusive, and neither court nor judge may modify these rules without express statutory authority, and then only to the extent specified.' "

See also Springville Community School Dist. v. Iowa Department of Public Instruction, 252 Iowa 907, 914, 109 N.W.2d 213; 73 C.J.S., Public Administrative Bodies and Procedure, section 116, page 435; and 2 Am.Jur.2d, Administrative Law, section 331, page 152.

Plaintiffs, in support of their position, cite and lean rather heavily on Christensen v. Board of Supervisors, 251 Iowa 1259, 105 N.W.2d 102. We find that case neither here in point nor controlling.

There the owners of two noncontiguous farms operated as a unit commenced an action for declaratory judgment, asserting the supervisors wrongfully denied them an award for damages resulting from closure of a connecting road. By special appearance the board challenged jurisdiction of the court because of failure by the farm owners to appeal within the given statutory period. This court found delay in taking the appeal was excusable due to evasive and misleading tactics on the part of public officials, i.e., despite repeated inquiries the farmers were not timely advised as to determinative actions taken by the board.

As previously stated, the ordinance in question was lawfully enacted and published. Plaintiffs were charged with knowledge of its enactment and, in fact, make no claim to the contrary. See 62 C.J.S., Municipal Corporations, section 427(a), page 816, at 817, and 37 Am.Jur., Municipal Corporations, section 194, page 832.

In addition there is no evidence of artifice or deception by anyone which at anytime here concerned served to mislead or deceive these plaintiffs.

We conclude, the Civil Service Commission never acquired jurisdiction and was without authority to act on plaintiffs' attempted appeal.

IV. The foregoing discloses there is no reason to disturb the decree entered by the trial court.—Affirmed.

GARFIELD, C. J., and LARSON, SNELL and LEGRAND, JJ., concur.

BECKER, STUART and MASON, JJ., concur specially.

MOORE, J., takes no part.

BECKER, J.—I concur in the opinion. Due to failure of the parties to raise the point, an important facet of this case is not treated sufficiently. The opinion states: "Plaintiffs contend this statutory enactment is not applicable but refer us to no other law under which a municipal employee may appeal to the Civil Service Commission." We should recognize Code, 1966, sections 365.18, 365.19 and 365.20 do not contemplate jurisdiction in the Civil Service Commission to review actions of the city council in passing and adopting city ordinances.

If validity of an ordinance is to be challenged, it must be by direct resort to the courts; not by appeal to a commission which is the creation of the council from which appeal is attempted. The city council can create and abolish a Civil Service Commission. If it dispenses with the services of such commission it exercises the commission's power itself, Code, 1966, section 365.3. Under such circumstances the entire legislative plan as well as the words of the applicable sections indicate sections 365.18, 365.19 and 365.20 do not contemplate appeal from *council action* to the *commission*. Therefore, even if the notice of appeal had been timely filed, the commission would be without jurisdiction in this case.

While this point was not sufficiently raised by the parties it should not be overlooked. To do so creates the impression the commission has jurisdiction. This would be a false impression.

STUART and MASON, JJ., join in this special concurrence.