CITY OF DES MOINES, Iowa,
Appellant,

v.

CIVIL SERVICE COMMISSION OF DES
MOINES, Iowa, and Delores Monroe, as
Chairperson of the Des Moines Civil
Service Commission, Ralph Costanzo, as
Commission Person, and Marsh Hous-
ton, as Commission Person, Appellees,

Wilbur Devine and Karl Schilling,
Intervenors.

No. 68196.

Supreme Court of Iowa.

May 18, 1983.
Rehearing Denied June 9, 1983.

Earl W. Roberts, City Sol. and Nelda Barrow Mickle, Asst. City Atty., for appellant.

Eugene E. Olson of Connolly, O'Malley, Lillis & Hansen, Des Moines, for appellees.

James E. Brick and Luis Herrera, Des Moines, for intervenors.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Plaintiff City of Des Moines filed this certiorari action in district court, asserting the defendant Civil Service Commission (commission) was proceeding illegally in that it had no subject matter jurisdiction to consider the suspensions and terminations of two city employees, intervenors Wilbur Devine and Karl Schilling. Trial court annulled the writ it had issued, and the city appealed. We affirm in part, reverse in part, and remand.

Devine and Schilling were employed by the city as human rights specialists for the Human Rights Commission (HRC). October 2, 1981, both were "suspended indefinitely pending further investigation." Devine was suspended by HRC for alleged threats, insubordination, misconduct, sexual harassment, and violations of written departmental rules; Schilling for alleged sexual harassment, misconduct, and violations of written departmental rules. The HRC suspensions were affirmed by the city council.

October 22, 1981, Devine and Schilling filed notices of appeal from these suspensions. These notices were signed by their counsel. The city filed the statutory specification of charges and the appeals were set for hearings by the commission on November 12 and November 17, respectively. Both were continued, the Devine hearing at his counsel's request.

November 12, 1981, HRC "terminated" the employment of Devine and Schilling. This action was affirmed by the city council November 16, 1981.

December 10, 1981, the commission commenced hearing the Devine appeal. Counsel for Devine and Schilling opened the proceedings with a motion to amend their notices of appeal from their suspensions "to include the subsequent decision of the City Council and the Human Rights Commission to make these ... indefinite suspensions permanent, ... that [the notices] be amended to include the final action that was taken." Counsel for the city resisted on the ground statutory law required a separate notice of appeal within twenty days of the discharge and that the motion was untimely. He consequently challenged the commission's jurisdiction. The commission granted the motion to amend.

After hearing the testimony of several witnesses, the commission continued the Devine hearing until December 14, 1981. On that day the city filed for and secured an ex parte writ of certiorari. The city alleged the commission was proceeding illegally and without jurisdiction because Devine and Schilling had not personally signed their appeal notices, and because the employees were permitted to amend their notices and thus appeal from their discharges after the appeal time had expired. By separate order the court fixed bond and stayed further proceedings in the Devine and Schilling appeals.

Devine and Schilling intervened in the certiorari proceeding. Following hearing, district court held the attorney's signature

on the notices of appeal was proper under Iowa Code section 400.21 (1981). The court further held it could not "from the record before the Commission, determine whether the 'indefinite suspension' is in fact a 'termination' and whether the specifications of the charges and grounds for the 'indefinite suspension' are the same as those for the 'termination.'" The court found that under the truncated record it could not conclude that the commission was proceeding without jurisdiction. It therefore annulled the writ, dismissed the petition, directed the city to file written specifications of the charges and grounds for the termination of the intervenors, and directed the commission to proceed with the hearing.

The grounds the city relies on for reversal may be combined into two controlling issues: (1) Did the notices of appeal, signed only by counsel for Devine and Schilling, meet the requirement of Iowa Code section 400.21? (2) Did the commission err in sustaining Devine's and Schilling's motions to amend their notices of appeal?

I. *Signatures to the Notices.*

Iowa Code section 400.21 provides in relevant part:

> If the appeal be taken by the person suspended, demoted, or discharged, notice thereof, *signed by the appellant* . . . shall be filed with the clerk of the commission. . . .

(Emphasis added.)

The notices of appeal from suspension were signed not by Devine and Schilling, but by their attorney. No one raised the section 400.21 signature requirement before the commission at the December 10 hearing. It was first raised in the city's petition for certiorari. The city there claimed, and contends here, this deviation is fatal and deprived the commission of jurisdiction to hear the appeals.

 Of course a civil service commission reviewing an employee's suspension, demotion, or discharge is exercising appellate functions. *See* Iowa Code § 400.20. "Jurisdiction is unquestionably essential to the validity of any proceeding undertaken by a public administrative tribunal, without which its actions are void." *Antrim v. Civil Service Commission of City of Des Moines,* 261 Iowa 396, 401, 154 N.W.2d 711, 714 (1967). The commission's argument that the city should have objected to the signatures at some prior time is without merit. A challenge to subject matter jurisdiction may be raised at any stage of the proceeding. *Recker v. Gustafson,* 271 N.W.2d 738, 739 (Iowa 1978); *accord Qualley v. Chrysler Credit Corp.,* 261 N.W.2d 466, 468 (Iowa 1978).

 The statutory direction that the notice of appeal be signed by the appellant (rather than by his or her attorney if this is in fact the implication) rationally cannot be categorized as a duty essential to the main objective of the statute. It is therefore not mandatory, and the omission does not invalidate subsequent proceedings. *See Taylor v. Department of Transportation,* 260 N.W.2d 521, 522–23 (Iowa 1977). Because the provision is directory, and the city does not indicate how it was prejudiced by the attorney's signature on the notices rather than that of the appellants, the commission was not deprived of authority to hear the appeals. *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162, 170 (Iowa 1982); *see State v. Lohr,* 266 N.W.2d 1, 6 (Iowa 1978).

 Ordinarily, notice given by an attorney is the act of the client. 7 Am.Jur.2d *Attorneys at Law* § 130 (1980); *accord* 7A C.J.S. *Attorney and Client* § 196(b) (1980). Here Devine and Schilling both testified they had authorized their attorney to appeal. We think in the circumstances of this case this was sufficient, and the signing of the notices by the attorney was substantial compliance with the provisions of Iowa Code section 400.21. *See Frost v. S.S. Kresge Co.,* 299 N.W.2d 646, 648 (Iowa 1980); *Vermeer v. Sneller,* 190 N.W.2d 389, 394–95 (Iowa 1971).

We hold the commission had jurisdiction and authority to proceed with the hearing as it related to the intervenors' suspensions. As to this facet of the case, trial court correctly annulled the writ.

II. *Amendment to the Notices.*

In relevant part Iowa Code section 400.20 provides:

> If there is an affirmance of the suspension, demotion, or discharge of any person holding civil service rights, he may, within twenty days thereafter, appeal therefrom to the civil service commission.

We have noted the notices filed stated "[t]he appeal is from an indefinite suspension." These appeals from the *suspensions* are not challenged. The problem arises because, more than twenty days after affirmance of the terminations of these employees, the commission granted Devine's and Schilling's oral motions to amend the notices to include an appeal from their *discharges.* Written amendments to the notices were filed December 14, 1981.

Unlike the departure from Iowa Code section 400.21 discussed in division I, our decisions hold the timely notice requirement of Iowa Code section 400.20 is mandatory and jurisdictional. *Antrim v. Civil Service Commission,* 261 Iowa at 400, 154 N.W.2d at 714; *Wilson v. Stipp,* 194 Iowa 346, 352, 189 N.W. 665, 667 (1922).

On this appeal the employees shift ground somewhat from their position taken before the commission, where they moved to amend the notices to include their discharge, and argued it was their understanding, "[t]here was a suspension and discharge in this case . . . [the city] deliberately led us to believe that they wanted to combine the two hearings for efficiency." By arguments of counsel the employees implied this alleged understanding caused them to fail to give timely notices of appeal from the discharges. Counsel for the city vigorously denied there was any such understanding, or any discussion relating to it.

In this appeal both the employees and the commission equate the initial "indefinite suspension" with a discharge, and rely on the notices as originally filed as timely and sufficient to preserve the discharge issue. We are not persuaded by this theory.

It is plain that the legislature drafted Iowa Code section 400.20 to include three categories of appealable decisions: suspension, demotion, and discharge. The legislature drew no distinction between an indefinite suspension and a definite suspension. The line drawn is between a suspension and a discharge. For the arguments of the employees and the commission to be valid, the clause "not including indefinite suspensions" must be added to the word "suspension" as used in the statute. Such addition is prohibited by established rules of construction. *E.g., State v. Hesford,* 242 N.W.2d 256, 258 (Iowa 1976).

Nor do we agree that *Fetters v. Guth,* 221 Iowa 359, 265 N.W. 625 (1936), supports the contention that an indefinite suspension must be treated as a discharge. The *Fetters* court merely observed the chief of police who disciplined Fetters used those terms interchangeably. This court did not equate an indefinite suspension with a discharge. We said the appeal before the commission was "from the order of suspension" but that the commission had an independent authority to order a discharge, under an antecedent statute to present Iowa Code section 400.18.

We hold failure to file appeals from the discharges divested the commission of authority to hear the employees' appeals as to that action of the city. Trial court should have sustained the writ as to this portion of the proceedings before it, and remanded to the commission for disposition of the appeals from the suspensions. *See* Iowa R.Civ.P. 316.

We have examined all the other arguments and issues raised by these litigants, and find they do not affect the result we reach here. Costs are taxed one-half to the city, one-fourth to the intervenors, and one-fourth to the commission. This case is remanded to district court for judgment in conformance with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.