**Wilbur DEVINE and Karl Schilling, Appellants,**

v.

**CITY OF DES MOINES, Appellees.**

**No. 84–1030.**

Supreme Court of Iowa.

April 17, 1985.

James E. Brick, Ann Marie Brick, and Michael J. Schroeder of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for appellants.

Nelda Barrow Mickle, City Sol., Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Plaintiffs Wilbur Devine and Karl Schilling appeal from summary judgment for defendant City of Des Moines (City) in an action brought to compel arbitration under a collective bargaining agreement on the matter of plaintiffs' discharges from city employment and to compel veteran's preference hearings pursuant to Iowa Code section 70.6 (1983). We affirm.

On appeal, plaintiffs contend (1) that the district court should have ordered the City to proceed to arbitration of their discharges, and (2) that, because the Des Moines civil service commission lost jurisdiction over their discharges due to plaintiffs' failure to timely appeal them, see Iowa Code section 400.20, plaintiffs are entitled to veteran's preference hearings on their discharges. See Iowa Code § 70.6. We find no merit in either of these contentions.

We conclude that no genuine issue of material fact exists for trial. On October 2, 1981, Devine and Schilling, who were civil service employees of the City, were indefinitely suspended from their employment on charges of misconduct. They filed timely notices of appeal from their suspensions. See Iowa Code § 400.20. Hearings before the Des Moines civil service commission on the suspensions were set for November 12 and 17. Shortly thereafter, the hearings were continued to December 10.

On November 12, 1981, both plaintiffs were permanently discharged from their employment. The discharges were affirmed by the Des Moines city council on November 16. See Iowa Code § 400.19. At the commencement of the December 10 hearing before the civil service commission, plaintiffs orally moved to amend their notices of appeal to include not only their indefinite suspensions, but also their permanent discharges. The City resisted such amendment on the ground that a separate notice of appeal was required for the discharges, and that the time for filing such notice had passed. See Iowa Code § 400.20 (appeal must occur within 20 days after affirmance of the discharge). Accordingly, the City maintained that the civil service commission had no authority to hear an appeal of plaintiffs' discharges. The commission, however, allowed the amendment. The City filed a certiorari action in district court for review of the commission's ruling. Iowa R.Civ.P. 306–19. From an adverse decision there, the City appealed to us.

The City's position was upheld by this court in *City of Des Moines v. Civil Service Commission*, 334 N.W.2d 133, 136 (Iowa 1983). There we held that failure by Devine and Schilling to timely file separate notices of appeal of their discharges deprived the commission of jurisdiction to consider the discharges. We remanded to the commission the issue of the propriety of the indefinite suspensions of plaintiffs. That matter is still pending before the commission.

On June 22, 1983, plaintiffs filed the present petition seeking arbitration of their discharges pursuant to the collective bargaining agreement governing their employment with the City, which provided for arbitration of employee grievances. On January 4, 1984, plaintiffs amended their petition. In addition to seeking arbitration pursuant to their employment contract, the amended petition alleged that Devine and Schilling, as veterans, were entitled under Iowa Code chapter 70 to a hearing on their discharges. The petition further alleged that the City's refusal to grant such a hearing constituted a denial of plaintiffs' federal constitutional rights guaranteed under 42 U.S.C. section 1983. Plaintiffs sought an order directing the City to hold a chapter 70 hearing, as well as damages for violation of their constitutional rights.

The City answered and denied plaintiffs' claims. Plaintiffs and the City filed cross-motions for summary judgment. Iowa R.Civ.P. 237. The district court granted summary judgment for the City, ruling (1) that Devine and Schilling were not entitled to arbitration of their discharges, (2) that they were not entitled to veteran's preference hearings under chapter 70 regarding their discharges, and (3) that the denial of veteran's preference hearings by the City

did not violate any federal constitutional rights of plaintiffs. This appeal by plaintiffs followed.[1]

I. *Arbitrability of plaintiffs' discharges.* Plaintiffs' argument in favor of the arbitrability of their discharges centers on Article X of their collective bargaining employment contract with the City, which deals with the resolution of employee grievances and provides for arbitration as the final step of that process. Section B of Article X is titled "Limitations," and reads in part:

> The arbitrator shall not have the power to decide a grievance which is a matter suitable for submission to the Civil Service Commission.
>
> . . . .
>
> The failure of the employee to appropriately present the grievance within the specified time limits shall render the matter resolved and not subject to further appeal.

Devine and Schilling contend that the matter of their discharges is not "a matter suitable for submission to the Civil Service Commission," inasmuch as the commission now has no jurisdiction to consider the discharges (due to plaintiffs' failure to timely appeal them). Therefore, plaintiffs maintain their discharges are arbitrable.

With respect to the timeliness of their grievance presentations, plaintiffs contend, although the trial court found otherwise, that their grievances were timely presented and that in any event this issue concerning arbitrability, like the one discussed in the preceding paragraph, is for the arbitrator and not the district court.

We need not address these contentions, because we are satisfied that as a matter of law plaintiffs' discharges are not arbitrable regardless of the language or interpretation of their employment contract.

Iowa Code section 400.18 provides in part, "No person holding civil service rights as provided in this chapter shall be removed, demoted, or suspended arbitrarily, except as otherwise provided in this chapter...." We believe that this language shows the intent of the legislature to make the procedures prescribed by chapter 400 the sole means by which the propriety of a civil service employee's dismissal may be determined. To allow an arbitrator to have the final word as to a civil service employee's discharge would, in our view, contravene the statutes.[2]

Chapter 400 gives jurisdiction over civil service employee discharges to the civil service commission only; appeal therefrom is to the district court, after the commission has ruled. Iowa Code § 400.27.

We believe that these statutes show a legislative intent and plan to deny civil service employees the right to circumvent the power of civil service commissions to hear civil service employee appeals. To allow arbitration of plaintiffs' discharges in this case would be to grant that right. A discharged civil service employee whose employment contract provided for arbitration of grievances could, by failing to timely appeal his or her discharge under Iowa Code section 400.20, deprive the civil service commission of jurisdiction over the matter and then seek arbitration. This type of forum-shopping is inconsistent with the intent of the civil service statutes.

Therefore, in view of the language of sections 400.18 and 400.27, we will not ex-

---

**1.** Plaintiffs state specifically that they choose not to appeal from that part of the district court's ruling concerning alleged violations of their constitutional rights. Accordingly, we will not review the correctness of that portion of the summary judgment.

**2.** We also note that Iowa Code section 20.9, dealing with the permissible scope of negotiations between public employers and employees, provides in part and defers to civil service commission authority as follows:

> Nothing in this section shall diminish the authority and power of ... any civil service commission ... to recruit employees, prepare, conduct and grade examinations, rate candidates in order of their relative scores for certification for appointment or promotion or for other matters of classification, reclassification or appeal rights in the classified service of the public employer served.

tend jurisdiction over civil service employee discharges to an arbitrator in the absence of an expression of legislative intent to that effect. *Cf. Allgood v. City of Oskaloosa,* 231 Iowa 197, 200, 1 N.W.2d 211, 212 (1941) (appeal to civil service commission is "clear, speedy, convenient, complete, and effective remedy" to those to whom it is at any time available; plaintiff who had lost right to appeal to commission by failure to timely appeal was not entitled to remedy of mandamus).

Under our view of this issue, we need not decide whether the collective bargaining agreement does, as plaintiffs contend, call for arbitration of their discharges. Even if it does, such arbitration would be in conflict with the statutory law and, therefore, could not properly be granted. *See* Iowa Code § 20.28 (Iowa Code prevails where it is inconsistent with collective bargaining agreement).

The district court did not err in refusing to order arbitration of plaintiffs' discharges.

II. *Plaintiffs' entitlement to veterans' preference hearings.* The reasoning that leads us to deny the arbitrability of plaintiffs' discharges also leads us to conclude that they are not entitled to veterans' preference hearings under Iowa Code chapter 70. To require such hearings, no less than to permit arbitration, would force the civil service commission to share the jurisdiction conferred on it by chapter 400. As stated above, we believe that the intent expressed by the language of sections 400.-18 and 400.27 is to prevent forum-shopping by civil service employees. We see no reason why a chapter 70 remedy should be allowed in this case if the remedy of arbitration is denied. As a special and later enacted statute, chapter 400 takes precedence over chapter 70. *See Andreano v. Gunter,* 252 Iowa 1330, 1335-36, 110 N.W.2d 649, 651-52 (1961). The district court ruled correctly in refusing to order veterans' preference hearings.

We have considered all the contentions of the parties and find them either without merit or unnecessary to our disposition of the case. The district court correctly sustained the City's motion for summary judgment. The case is affirmed.

AFFIRMED.

All Justices concur except HARRIS, J., who concurs in the result.