Anthony S. JONES, Appellee,

v.

**DES MOINES CIVIL SERVICE COMMISSION, Appellant.**

**DES MOINES ASSOCIATION OF PRO-FESSIONAL FIRE FIGHTERS LOCAL NO. 4 and Anthony S. Jones, Appellees,**

v.

**CITY OF DES MOINES, Iowa, Appellant.**

No. 87–1301.

Supreme Court of Iowa.

Oct. 19, 1988.

Rehearing Denied Nov. 18, 1988.

Nelda Barrow Mickle, City Sol., Des Moines, for appellants.

Charles E. Gribble and Linda G. Hanson of Sayre & Gribble, P.C., Des Moines, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

HARRIS, Justice.

The questions here center on (1) whether Anthony S. Jones became established as a Des Moines fire fighter so that the city was compelled to treat him as a permanent employee when undertaking to discharge him and (2) his rights under a collective bargaining agreement to challenge his discharge. The district court entered summary judgment for Jones and we affirm.

The city became ensnarled in its own efforts to cooperate with Jones while he wrestled with his inability to pass a required examination. Jones was appointed a probationary fire fighter December 17, 1984. The following December, as he approached the end of his first twelve months of civil service employment, he had not achieved certification for emergency medical training—ambulance (EMT–A), a Des Moines fire department requirement.

On December 11, 1985, the fire chief notified Jones that:

> Because you will not have the test results of your latest attempt at passing the EMT–A test until after your one-year anniversary, the City will wait until you have had up to three attempts, which is State policy, to pass the EMT–A written test.
>
> The only consideration we ask for in exchange for those three attempts is that they be made in a timely fashion. The longer you wait to test after a course, usually effects your grades in an adverse manner.
>
> If you fail to pass the national EMT–A written examination after three attempts, Anthony, you will be processed for dismissal from employment with the Des Moines Fire Department.

Jones' precarious standing thereafter became considerably strengthened because the city officials were kindly disposed towards his ambitions and acted accordingly.

Jones received a pay increase and, according to a city personnel action form, was given permanent employment status, effective December 16, 1985. At that time results from the EMT–A test were pending. They later revealed that Jones failed. After he was also unsuccessful in two more attempts at the EMT–A test Jones was discharged July 8, 1986, for failure to achieve certification.

Jones then filed a grievance, alleging he had been discharged in violation of the collective bargaining agreement entered between the city and his union. The city denied Jones' grievance, contending that any dispute concerning Jones' discharge fell under the jurisdiction of the civil service commission. Jones then brought a certiorari action and, together with his union, brought an equity action against the city.

The certiorari action challenged the jurisdiction of the Des Moines civil service commission to consider Jones' appeal of his dismissal. The action brought by Jones and the union was in equity and sought to compel the city to arbitrate the dismissal. Because both actions involve the same factual and legal disputes they were consolidated and are considered together on this appeal. The district court ruled in favor of Jones in both cases.

I. In the certiorari proceeding our review is governed by the rules applicable to appeals in ordinary actions. Iowa R.Civ.P. 318. Summary judgments are governed by Iowa rule of civil procedure 237(c). Our review is for correction of errors. Iowa R.App.P. 4. The burden of showing the nonexistence of material fact is upon the moving party. *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984). We examine the record in the light most favorable to the party opposing tne motion. *Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W. 2d 457, 464 (Iowa 1984). Summary judgment is not proper if reasonable minds could draw different inferences and conclusions from the undisputed facts. *Knapp*, 345 N.W.2d at 121.

■ II. In *Devine v. City of Des Moines*, 366 N.W.2d 580, 583 (Iowa 1985), we held that the grievance procedure of Iowa Code chapter 400 (civil service) pro-

vides the exclusive means of challenging the dismissal of a civil service employee. We said:

> [W]e will not extend jurisdiction over civil service employee discharges to an arbitrator in the absence of an expression of legislative intent to that effect.

*Id.* at 582–83.

In the present case the city, relying on *Devine,* urges that Jones was not entitled to pursue the remedies sought here but should have pursued the administrative remedy provided in our civil service Act. The district court correctly rejected this contention because the legislature moved promptly to address and overturn our *Devine* holding.

The very next session of the General Assembly amended Iowa Code section 20.-18 (public employment relations-collective bargaining) as follows:

> Public employees of the state or public employees covered by civil service shall follow either the grievance procedures provided in a collective bargaining agreement, or in the event that no such grievance procedures are so not provided, shall follow grievance procedures established pursuant to chapter 19A or chapter 400, as applicable.

1986 Iowa Acts ch. 1118, § 1.

The explanation of the enrolled bill, when it was presented in the legislature, stated:

> This bill provides that public employees covered by civil service as well as other employees shall follow grievance procedures provided in a collective bargaining agreement. The bill also provides if there are no grievance procedures in the collective bargaining agreement, grievance procedures established under chapter 400 may be used as well as those established under chapter 19A.

The same session of the legislature amended Iowa Code section 400.27 in part as follows:

> The Civil Service Commission shall have has jurisdiction to hear and determine all matters involving the rights of civil service employees under this chap-

ter, and may affirm, modify or reverse any case on its merits.

1986 Iowa Acts, ch. 1138 § 9.

Although the city contends otherwise it is apparent that the legislature overturned our holding in *Devine.* The trial court was correct in refusing to apply it to Jones.

■ III. Under the bargaining agreement Jones could be discharged by the city for any reason during a one-year probationary period. The agreement then specified:

> If action is not taken by the appointing authority to report to the probationary employee that he/she has not qualified for permanent status before the close of business of the last day of the probationary period, the employee shall be considered to have satisfactorily completed his/her probationary period and have acquired permanent status.

The district court found that Jones acquired permanent status. In challenging this finding the city relies on the December 11, 1985, letter which is quoted above, informing Jones that if he failed the EMT–A test after three attempts he would be processed for dismissal.

The district court ruling must be upheld for a combination of reasons. The chief's letter did not state whether Jones was to be processed for dismissal as a probationary employee or as a permanent employee. Neither did it state that Jones was being retained as a probationary employee.

The city regarded Jones as a permanent employee. He was given a pay raise on the first anniversary of his employment. The city manager, not the fire chief, signed the notification of the raise as appointing authority. In unrelated litigation in federal court the city certified that Jones completed his probationary period and was a permanent employee.

We conclude that Jones became a permanent employee before the city undertook to discharge him. A similar result was reached in *Albano v. Kirby,* 36 N.Y.2d 526, 369 N.Y.S.2d 655, 330 N.E.2d 615 (1975).

■ IV. The city also contends Jones should not have been allowed to challenge his discharge through the collective bar-

gaining agreement because, it is said, the dismissal was not for disciplinary reasons but because Jones failed to meet minimum qualifications for retention, a matter not grievable under the bargaining agreement.

Arbitration of a particular grievance should not be denied unless it is clear that the arbitration clause must be interpreted to preclude it. Doubts should be resolved in favor of coverage. *See Sergeant Bluff-Luton Educ. Ass'n v. Sergeant Bluff-Luton Community School Dist.*, 282 N.W.2d 144, 147–48 (Iowa 1979).

Demotion and discharge are among the matters which are expressly mentioned for inclusion in the disciplinary action section of the collective bargaining agreement. Although the words (demotion and discharge) are not repeated in the grievance procedure section they are plainly intended for application there. This is because, under the agreement, any disciplinary action may be challenged through the contract's grievance procedure. The district court was correct in so holding.

AFFIRMED ON BOTH APPEALS.