# IN THE SUPREME COURT OF IOWA

No. 65 / 05-2138

Filed February 29, 2008

**SHERIFF DENNIS KUCERA** and the
**TAMA COUNTY SHERIFF'S DEPARTMENT,**
**TAMA COUNTY, IOWA,**

>Appellees,

vs.

**DINO BALDAZO** and
**TEAMSTERS LOCAL 238,**

>Appellants.

---

Appeal from the Iowa District Court for Tama County, Douglas S. Russell, Judge.

Deputy sheriff appeals summary judgment ruling holding civil service appeal is the exclusive remedy to challenge the termination of his employment. **AFFIRMED.**

Scott D. Soldon and Yingtao Ho of Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman S.C., Milwaukee, Wisconsin, and Paige Fiedler of Fiedler & Newkirk, P.L.C., Urbandale, for appellants.

John P. Roehrick of Roehrick Law Firm, P.C., Des Moines, for appellees.

**HECHT, Justice.**

This case requires us to decide whether a deputy county sheriff holding a classified civil service position, who has been notified of the termination of his employment, may challenge the termination under the grievance and arbitration provisions of the collective bargaining agreement between his union and the county, or whether he may seek relief only through an appeal to the county's civil service commission. We conclude the termination of the deputy's employment may be challenged only through an appeal to the civil service commission under the circumstances of this case. Accordingly, we affirm the district court's decision.

## I. Factual and Procedural Background.

On May 13, 2005, Dennis Kucera, the Tama County Sheriff, terminated the employment of his deputy, Dino Baldazo.[1] Baldazo was a member of Teamsters Local 238, a union that was a party to a collective bargaining agreement with Tama County.[2] Baldazo filed a grievance under the terms of the agreement on May 19, 2005, and the sheriff responded the same day affirming the termination and denying the violation of the agreement claimed by Baldazo.

On May 24, 2005, the union sent a written notice to the sheriff informing him that his response to the grievance was unacceptable and

---

[1] A document dated the same day and signed by the sheriff and Baldazo suggests the termination followed a confrontation between Baldazo and the Tama County Attorney on May 12, 2005.

[2] The preamble paragraph of the agreement designates the "Tama County Sheriff's Office" as the employer, and the signature block of the document identifies the employer as "Tama County Sheriff Office." The sheriff and the Chairman of the Tama County Board of Supervisors executed the agreement for the county. Unless otherwise indicated in this opinion, in the interest of brevity and clarity our references to the sheriff shall also constitute references to the county as the employer. The term of the bargaining agreement ran from July 1, 2004, to June 30, 2005.

invoking the arbitration procedures under the collective bargaining agreement.[3] The sheriff and the union selected an arbitrator and agreed upon a date for the arbitration of their dispute. The arbitration was never held, however, because the sheriff subsequently concluded Baldazo's challenge to the termination was within the exclusive jurisdiction of the civil service commission.

The sheriff filed a petition in equity against Baldazo and the union requesting the district court to (1) stay the arbitration proceedings initiated by Baldazo and the union under the terms of the collective bargaining agreement and the Public Employment Relations Act codified in Iowa Code chapter 20 (2005); (2) declare Baldazo's remedy, if any, for termination of his employment as a deputy sheriff must be pursued through a civil service proceeding under Iowa Code chapter 341A rather than through arbitration; and (3) declare Baldazo's right to challenge the termination under chapter 341A expired when he failed to appeal to the civil service commission within ten days after the termination of his employment.

Baldazo and the union filed an answer and counterclaim asserting Baldazo's statutory right to challenge the termination through an appeal to the civil service commission is not preclusive of the right to pursue the grievance process authorized by the collective bargaining agreement. The pleading further asserted the sheriff should be ordered to participate in arbitration under the agreement because he (1) violated provisions of the Public Employment Relations Act as codified in Iowa Code chapter 20 and the terms of the collective bargaining agreement when he refused to arbitrate Baldazo's grievance; (2) waived, by participating temporarily in the

---

[3]The collective bargaining agreement between the county and the union provided Baldazo shall lose his seniority rights if he "is discharged and said discharge is not reversed through the grievance procedure."

grievance procedure, the claim that arbitration is unavailable to Baldazo and the union under the collective bargaining agreement. The pleading filed by Baldazo and the union also alleged the sheriff should be estopped, as a consequence of his temporary participation in the grievance process and his failure to object to Baldazo's invocation of the grievance procedures under the collective bargaining agreement until more than ten days after the termination, from asserting (1) the civil service commission has exclusive jurisdiction over Baldazo's challenge to the termination; and (2) any future civil service appeal by Baldazo and the union challenging the termination is untimely because the sheriff did not object to the invocation of the grievance procedures or contend the civil service commission has exclusive jurisdiction of the matter until after the time for filing an appeal with the civil service commission had expired.[4]

In its ruling granting the sheriff's motion for summary judgment, the district court concluded "civil service commissions [provide] the sole means for deputy sheriffs to appeal disciplinary actions." The ruling rejected Baldazo's waiver and estoppel claims. Baldazo and the union have appealed.

## II. Scope and Standards of Review.

"Review of a case in equity resulting in summary judgment is for correction of errors at law." *Keokuk Junction Ry. v. IES Indus.*, 618 N.W.2d 352, 355 (Iowa 2000) (citing Iowa R. App. P. 4; *Baratta v. Polk County Health Servs.*, 588 N.W.2d 107, 109 (Iowa 1999)). Summary judgment is appropriate when there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3);

---

[4]Any appeal to the civil service commission must be filed "within ten days after presentation to the [employee] of the order of removal." Iowa Code § 341A.12. Baldazo did not file such an appeal.

*Met-Coil Sys. Corp. v. Columbia Cas. Co.*, 524 N.W.2d 650, 653–54 (Iowa 1994). Where the parties agree that all material facts are undisputed, and the case presents solely legal issues, summary judgment is the appropriate remedy. *Burton v. Univ. of Iowa Hosp. & Clinics*, 566 N.W.2d 182, 185 (Iowa 1997).

### III.  Analysis.

In order to promote "harmonious and cooperative relationships between government[s] and [their] employees," the Public Employment Relations Act ("the Act") authorizes collective bargaining between public employers and their employees, establishes procedures for the processing of employee grievances, and authorizes binding arbitration of disputes arising from claimed violations of collective bargaining agreements. Iowa Code § 20.1 (permitting public employees to organize and bargain collectively); *id.* § 20.18 (authorizing grievance procedures including binding arbitration for the resolution of disputes, and allowing "public employees covered by civil service" to follow either the grievance procedures provided in a collective bargaining agreement, or in the event that grievance procedures are not provided under the agreement, to follow grievance procedures under Iowa Code chapter 8A (pertaining to state merit system employees) or Iowa Code chapter 400 (pertaining to municipal civil service employees)).

The sheriff, a public employer, Baldazo, a public employee, and the union exercised their statutory right to bargain and agreed, in relevant part:

> Section 5.1.  The parties agree that an orderly and expeditious resolution of grievances is desirable.  All matters of dispute that may arise between the Employer and an employee or employees regarding a violation of any expressed provision of this Agreement shall be adjusted in accordance with the following procedure:

> Section 5.2.  Informal:  An employee shall discuss a complaint or problem orally with the Sheriff or his designated

representative within a five (5) calendar day period following its occurrence in an effort to resolve the problem in an informal manner.

Section 5.3. Grievance Steps:

Step 1. If the oral discussion of the complaint or problem fails to resolve the matter, the aggrieved employee and/or the Union shall present a grievance in writing to the Sheriff or his designated representative within five (5) calendar days following the oral discussion. The grievance shall state the nature of the grievance, [and] the specific clause o[r] clauses violated. Within five (5) calendar days after this Step 1 meeting, the Sheriff or his designated representative will answer the grievance in writing.

Step 2. Any grievance not settled in Step 1 of the grievance procedure may be referred to arbitration, provided the referral to arbitration is in writing to the other party and is made within five (5) calendar days after the date of the Sheriff's or his designated representative's answer given in Step 1.

Baldazo and the union assert this agreement conclusively establishes their right to file a grievance to challenge the termination, and, upon impasse, their right to demand arbitration of the dispute. The strength of this assertion would be great indeed, and our resolution of this matter simple, if the Act and the agreement were the only matters requiring our consideration. But they are not. A second statute establishing a civil service framework for the resolution of employment disputes between employer-counties and their deputy sheriffs introduces ambiguity to the analysis.[5]

Iowa Code chapter 341A prescribes a procedural framework for removing, suspending or demoting deputies who are classified as civil service employees:

No person in the classified civil service who has been permanently appointed or inducted into civil service under

---

[5]Although certain deputies are expressly excluded from civil service coverage under section 341A.7, it is undisputed that Baldazo was a civil service employee.

provisions of this chapter shall be removed, suspended, or demoted except for cause, and only upon written accusation of the county sheriff, which shall be served upon the accused, and a duplicate filed with the commission. Any person so removed, suspended, or reduced in rank or grade may, within ten days after presentation to the person of the order of removal, suspension or reduction, appeal to the commission from such order.

*Id.* § 341A.12.[6] It is undisputed that Baldazo was employed by Tama County in a "classified civil service position." *Id.* § 341A.7. The sheriff maintains, and the district court concluded, chapter 341A constitutes the exclusive remedy for deputies employed in civil service positions who wish to challenge the termination of their employment.

A review of this court's decisions addressing the interplay of statutes authorizing dispute resolution through grievance and mediation procedures and statutes providing for dispute resolution by civil service commissions is instructive in the disposition of this appeal. In *City of Des Moines v. Civil Service Commission,* 334 N.W.2d 133 (Iowa 1983), two city employees filed appeals with a civil service commission challenging their indefinite suspension from their jobs. 334 N.W.2d at 134. A hearing date was scheduled by the commission, but before that hearing could be held, the employees were fired from their employment. *Id.* Wishing also to seek the commission's review of the termination of their employment, the employees sought on the day of the hearing to amend their notices of appeal accordingly. *Id.* The city resisted the proposed amendment, contending new notices of appeal were required to challenge the terminations, and asserting the civil service commission lacked subject matter jurisdiction

---

[6]If the commission's decision affirms the sheriff's termination of the deputy's employment, the deputy may, within thirty days, appeal the commission's decision to the district court. The scope of judicial review of the commission's decision is confined to a determination of whether the commission's order was "made in good faith and for cause." Iowa Code § 341A.12.

because the employees failed to file such notices within the time permitted by the statute. Although the commission granted leave to amend the employees' notices of appeal, this court ultimately reversed the commission's ruling on the ground that the employees' failure to file separate notices of appeal challenging their terminations "divested the commission of authority to hear the employees' appeals as to that action by the city." *Id.* at 136.

Not to be deterred, the discharged employees next filed suit in district court urging the court to compel the City of Des Moines to engage in arbitration as to the merits of their discharges under a collective bargaining agreement. *Devine v. City of Des Moines*, 366 N.W.2d 580, 581 (Iowa 1985). That litigation was also unsuccessful, however, as this court affirmed a summary judgment ruling in favor of the city. *Id.* at 583. We concluded Iowa Code chapter 400, which establishes a civil service remedy for municipal employees wishing to challenge the termination of their employment, constituted "the sole means by which the propriety of a civil service employee's dismissal may be determined." *Id.* at 582.

In the next legislative session following our decision in *Devine*, the General Assembly amended Iowa Code section 20.18 to read:

> Public employees of the state *or public employees covered by civil service* shall follow either the grievance procedures provided in a collective bargaining agreement, or in the event that *grievance* procedures are *not* provided, shall follow grievance procedures established pursuant to chapter 19A[7] *or chapter 400, as applicable.*

[7]Prior to 2004, public employees of the state not covered by a collective bargaining agreement were subject to the grievance provisions of Iowa Code chapter 19A. *See* Iowa Code § 19A.14(1) (2001). During a restructuring of government in 2003, the General Assembly replaced the grievance procedures of chapter 19A with a more detailed grievance procedure within the new merit employment system for state employees, codified at Iowa Code chapter 8A, subdivision IV, and amended section 20.18 to reflect the change. 2003 Iowa Acts ch. 145, §§ 59–66, 145.

1986 Iowa Acts ch. 1118, § 1 (emphasis added to denote changes made by the amendment).[8] The amendment thus expressly included, within the class of public employees who can collectively bargain for grievance procedures, persons covered by civil service under Iowa Code chapter 400. During the same legislative session, the General Assembly also amended section 400.27, which prescribes the civil service commission's jurisdiction in matters involving municipal employees:

> The civil service commission *has* jurisdiction to hear and determine matters involving the rights of civil service employees *under this chapter*, and may affirm, modify, or reverse any case on its merits.

1986 Iowa Acts ch. 1138, § 9 (emphasis added to denote changes made by the amendment).[9] This amendment eliminated from the statute language interpreted by this court in *Devine* as an expression of the legislature's intent to make the civil service remedy exclusive for municipal employees. Thus, in the 1986 amendments to Iowa Code section 20.18 and section 400.27, the legislature expressed its clear intention that the civil service remedies available to municipal employees under Iowa Code chapter 400 would henceforth constitute a default remedy to be pursued if grievance

---

[8]Prior to the 1986 amendment the second paragraph of section 20.18 read:

Public employees of the state shall follow either the grievance procedures provided in a collective bargaining agreement, or in the event that no such procedures are provided, shall follow grievance procedures established pursuant to chapter 19A.

Iowa Code § 20.18 (1985).

[9]Prior to the 1986 amendment the first paragraph of section 400.27 read:

The civil service commission shall have jurisdiction to hear and determine all matters involving the rights of civil service employees, and may affirm, modify, or reverse any case on its merits.

Iowa Code § 400.27 (1985).

procedures were not available to them under a collective bargaining agreement.

This court's next opportunity to address the interplay between remedies available to public employees under collective bargaining agreements and remedies available through civil service appeals arose in *Jones v. Des Moines Civil Service Commission*, 430 N.W.2d 106 (Iowa 1988). In that case, Jones, a city fire fighter, filed a grievance challenging his discharge for failure to achieve certification as an EMT. *Jones*, 430 N.W.2d at 107. The city denied the grievance, claiming the civil service commission had exclusive jurisdiction of the matter. *Id.* at 107. Jones filed a certiorari action and, with his union, also filed an equity action to enforce his right to challenge his discharge in a grievance proceeding. *Id.* The district court granted Jones's motions for summary judgment in both cases. *Id.* We affirmed those rulings, concluding the legislature had overturned our ruling in *Devine* by amending Iowa Code section 20.18 and Iowa Code section 400.27 to expressly allow terminated municipal civil service employees to choose arbitration of their grievances rather than an appeal to the civil service commission. *Id.* at 108.

Baldazo and the union contend the district court erred in failing to extend to them the benefit of the rule announced in *Jones*. We disagree. The legislative amendments that overturned our decision in *Devine* do not compel the result urged by Baldazo and the union. Those amendments to section 400.27 and section 20.18 granted city employees covered by civil service the option to pursue grievance procedures under their collective bargaining agreements rather than civil service remedies. The amendments did not expressly grant this option to deputy sheriffs. While deputy sheriffs arguably fall within the broad class of "public employees covered by civil

service" described in the amendment, that phrase must be read in conjunction with the other provisions of the amendment which clearly narrow the universe of public employees affected to those with alternative grievance procedures in chapters 8A and 400. Neither chapter 8A nor chapter 400 applies to deputy sheriffs, and they are therefore beyond the reach of the amendment.

When the legislature amended Iowa Code section 20.18 and Iowa Code section 400.27 in response to our decision in *Devine*, we believe it had in mind the expansion of remedies available to city employees. This conclusion is supported by the fact that the amendment to section 20.18 makes reference to chapter 400 pertaining to city employees, but makes no reference to chapter 341A which specifically addresses the rights of deputy sheriffs who are county employees. This fact is significant to our analysis as we strive to discern legislative intent. When interpreting laws, we are guided by the rule of "expressio unius est exclusio alterious." "This rule recognizes that 'legislative intent is expressed by omission as well as by inclusion, and the express mention of one thing implies the exclusion of others not so mentioned.' " *Meinders v. Dunkerton Cmty. Sch. Dist.*, 645 N.W.2d 632, 637 (Iowa 2002) (quoting *Marcus v. Young*, 538 N.W.2d 285, 289 (Iowa 1995)). Thus, the legislature's reference in the amendment of section 20.18 only to chapter 400 dealing with remedies available to city employees suggests the legislature did not intend to expand the choice of remedies available to deputy sheriffs.

Baldazo and the union contend in the alternative that even if chapter 341A constitutes the exclusive remedy for deputy sheriffs wishing to challenge the termination of their employment, the sheriff should be estopped, should Baldazo attempt to appeal his discharge to the civil service

commission, from claiming such an appeal is untimely under Iowa Code section 341A.12.[10]  We conclude it would be inappropriate to decide this issue because it would require us to issue an advisory opinion.  Because Baldazo has not filed an appeal with the civil service commission, there is no justiciable controversy for us to decide.  *See Stream v. Gordy*, 716 N.W.2d 187, 193 (Iowa 2006) (stating we will decline to issue advisory opinions when we find the absence of a justiciable controversy).

## IV.    Conclusion.

We affirm the district court's ruling granting summary judgment to the appellees.  In reaching our decision, we have carefully considered all of the arguments and contentions raised by the parties.  Those not addressed in this opinion either lack merit or were not preserved for our review.

**AFFIRMED**.

---

[10]A deputy sheriff wishing to appeal his removal "may, within ten days after presentation . . . of the order of removal, . . . appeal to the commission."  Iowa Code § 341A.12. Although Baldazo also raised a waiver argument before the district court, he has not maintained the argument on appeal.