Gary V. MOORE, Plaintiff–Appellee,

v.

DAVENPORT CIVIL SERVICE COMMISSION, Defendant–Appellant.

No. 09–1912.

Court of Appeals of Iowa.

Aug. 11, 2010.

Brian Heyer, Assistant City Attorney, Davenport, for appellant.

Michael J. Meloy, Bettendorf, for appellee.

Considered by VOGEL, P.J., and POTTERFIELD and DANILSON, JJ.

DANILSON, J.

Gary Moore brought this certiorari action challenging the Davenport Civil Service Commission's dismissal of his civil service appeal for lack of jurisdiction. The district court granted summary judgment in his favor, ruling the Commission was to hear his appeal. The Commission appeals. Moore's employment was subject to a collective bargaining agreement requiring him to grieve any dispute about interpretation or application of the agreement's terms. Because the agreement's provision concerning probation periods was not facially invalid, Moore's failure to grieve his probation status deprived the Commission of jurisdiction. We reverse the district court's ruling and remand for dismissal.

## I. Background Facts and Proceedings.

According to his petition, Gary Moore began his employment with the City of Davenport as a packer driver/loader on October 7, 2008. Moore's position was subject to a collective bargaining agreement between the City and the Chauffeurs, Teamsters and Helpers Local Union No. 238. The bargaining agreement contained the following clause:

Article 11, Section 2. Probationary Period.

Each employee shall be considered a probationary employee for the first five (5) months of continuous service, after which his/her seniority shall date back to his/her date of hire to a full time position. There shall be no seniority among probationary employees, and they may be laid off, discharged, or otherwise terminated without recourse at the sole discretion of the Employer. There shall be no duplication of probationary periods.

Moore's five-month probationary status was to expire on March 7, 2009. On March 2, 2009, the solid waste superintendent, Todd Jones, presented Moore with a memorandum purportedly extending the probationary period:

During your five (5) month probationary period which consist[ed] of one hundred ten (110) scheduled work days you have been off work or on light duty for seventy-four (74) days. You have not

been able to receive training on the majority of the job assignments in the solid waste division.

Therefore I am extending your probationary status. There will be an additional ninety (90) day probationary period that will begin the day you return to regular full duty. This will give solid waste staff the necessary time needed to get you trained in all aspects of the city's solid waste program. It will also allow the solid waste staff to fully evaluate your job performance as an employee.

On June 8, 2009, Moore was discharged from his employment due to misconduct.[1]

On June 22, 2009, Moore submitted a "Notice of Civil Service Appeal" of his discharge to the solid waste human resources director. The director denied the appeal that same day, handwriting on the memorandum of extension of probationary period, "It is denied and not accepted by [director] as Gary did not complete his probationary period as indicated in this memo."

On July 22, 2009, the Commission met. The minutes of that meeting indicate:

> Gary V. Moore—Represented by Michael Meloy, Attorney, Discussion of status with regard to Civil Service Qualification.
>
> i. It was brought to the attention of the Civil Service Commission that although Mr. Moore appealed his termination, he was on probation (5 months which had been extended because he did not fulfill the 5 month time before the termination action by the city) and therefore the city denied his request to appeal. After discussion it was ruled that the Commission upheld the City's right to deny the appeal based on the fact that Mr. Moore did not fulfill the requirements for appeal because he was not past his probation period and that is a requirement in order to appeal city disciplinary action. It was also noted that neither Mr. Moore, nor his Union Rep. took this matter to a grievance committee.

On August 14, 2009, Moore filed a "Petition for Writ of Certiorari and Statutory Appeal to the District Court," asserting the Commission's action of dismissing his appeal was illegal and void.[2]

The district court issued the writ to review the "July 22, 2009 decision of the Defendant Commission on [Moore's] discharge from his civil service employment." The court ordered the Commission to respond. In its answer, the Commission denied that Moore was protected by the provisions of Iowa Code chapter 400 (2009). Citing section 400.8(3), the Commission contended Moore was a probationary employee. The Commission admitted the collective bargaining agreement provides for a five-month probationary period, but stated "there are other provisions of the agreement that allow the city to extend an employee's probationary period." The

---

1. In his petition to the district court, Moore alleges he was discharged on June 8, 2009. In its motion for summary judgment, the Commission asserts Moore was discharged on June 10, 2009, for misconduct.

The record contains a form, entitled "Notice of Action Taken for Removal, Demotion or Suspension," which states it is "to be filed within 24 hours after action taken." The form has a human resources file-stamp noting it was received on "6–10–09." The form indicates Gary Moore was "discharged from employment" for "misconduct," which is summarized as "excessive occurrence usage while on probation." Handwritten next to the question on the form, "Has this employee completed the prescribed probationary period" is the response, "no."

2. The statutory appeal was later dismissed without prejudice.

Commission asserted Moore's failure to file a grievance of the extension of the probationary period was a failure to exhaust his contractual remedies. The Commission contended it did not have jurisdiction to hear Moore's claim.

In its return to the writ, the Commission stated there were additional "pertinent facts which were never made part of the record below, and which defendant desires to prove at trial," including city administrative policy provisions and additional terms of the collective bargaining agreement.[3]

On October 1, 2009, the Commission filed a motion for summary judgment, arguing Moore was a probationary employee and, consequently, had no right to bring a civil service appeal. The Commission also contended Moore had failed to follow the grievance procedures outlined in the collective bargaining agreement and thus had failed to exhaust his contractual remedies as outlined in the collective bargaining agreement, or was estopped by acquies-

cence, or the doctrine of laches from contesting the extension of his probationary period.

Moore filed a cross-motion for summary judgment, arguing the court should determine he was a permanent employee with a right to an appeal hearing as a matter of law. *See* Iowa Code §§ 400.18,[4] .20,[5] and .27.[6] Moore argued "there is no statutory language requiring that an employee must have first filed a union grievance in order to have the commission hear" his appeal. He also argued the Commission had failed to establish its claim of estoppel by acquiescence because (1) there was no showing that he knew he had a right to challenge his supervisor's decision to extend his probationary period, (2) he had not acquiesced in the extension of his probationary period, and (3) there was no evidence that he agreed to the extension.

On November 16, 2009, following a hearing, the district court denied the Commission's motion for summary judgment, finding the issue of whether Moore knew, or

---

3. The Commission included Davenport Administrative Policy 1.2(11), which provides: All full-time employees in an entry level position will serve a probationary period pursuant to state law or collective bargaining agreement. Upon successful completion of the probationary period, employees in positions covered by civil service will receive full civil service status. Also included were Articles 3, 7, and 11 (section 2), of the collective bargaining agreement. Article 3 of the agreement sets out management rights of the employer. Article 7 of the collective bargaining agreement sets out the "grievance procedures" and states that "grievances must be filed within ten (10) working days after the employee concerned should have become aware of the occurrence of the event giving rise to the grievance through the use of reasonable diligence." Concerning Article 11, section 2 of the bargaining agreement ("Each employee shall be considered a probationary employee for the first five (5) months of continuous service, after which his/her seniority shall date back to

his/her date of hire to a full time position."), the word "continuous" was emphasized.

4. Section 400.18 provides:

No person holding civil service rights as provided in this chapter shall be removed, demoted, or suspended arbitrarily, except as otherwise provided in this chapter, but may be removed, demoted, or suspended after a hearing by a majority vote of the civil service commission, for neglect of duty, disobedience, misconduct, or failure to properly perform the person's duties.

5. Section 400.20 provides that the "discharge of a person holding civil service rights may be appealed to the civil service commission within fourteen calendar days after the ... discharge."

6. Section 400.27 states in part that "[t]he civil service commission has jurisdiction to hear and determine matters involving the rights of civil service employees under this chapter."

should have known of his entitlement to grieve his probationary status was a question of material fact.

The court also read *Jones v. Des Moines Civil Service Commission,* 430 N.W.2d 106 (Iowa 1988), in a manner as to conclude that where there is a civil service employee subject to chapter 400 and a collective bargaining agreement, an "aggrieved employee is entitled to elect his remedy."

The district court then addressed Moore's motion for summary judgment. The court noted section 400.8(3) provides that a probationary period in civil service was "not to exceed six months," and once that period expires and the employee continues in the position, the employee is considered a permanent appointment. The court ruled that because Moore was in his position after the expiration of the six-month period, he "had a permanent appointment and is subject to Chapter 400 of the Code." The court annulled the decision of the Commission and ordered it to hear Moore's appeal.

The Commission filed a motion to amend or enlarge. On December 11, 2009, the court entered a ruling on the motion, amending some of its findings as requested, but declining to modify its judgment. The Commission now appeals.

## II. Standard of Review.

This case comes to us from the district court's ruling on Moore's petition for writ of certiorari. Pursuant to Iowa Rule of Civil Procedure 1.1412, our review on appeal from a district court's judgment in a certiorari proceeding is "governed by the rules of appellate procedure applicable to appeals in ordinary civil actions."

We review the district court's summary judgment ruling for the correction of errors at law. Iowa R.App. P. 6.907; *see also Kucera v. Baldazo,* 745 N.W.2d 481, 483 (Iowa 2008) ("Review of a case in equity resulting in summary judgment is for correction of errors at law." (citation omitted)). Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Kucera,* 745 N.W.2d at 483.

> Thus, on review, we examine the record before the district court to decide whether any material fact is in dispute, and if not, whether the district court correctly applied the law. In considering the record, we view the facts in the light most favorable to the party opposing the motion for summary judgment.

*Shriver v. City of Okoboji,* 567 N.W.2d 397, 400 (Iowa 1997) (internal citations and quotation omitted).

## III. Discussion.

The question before us is whether the district court erred in concluding the Commission had jurisdiction to hear Moore's appeal. The apparent simplicity of the question does not translate into an equally simple analysis.

"The civil service commission has jurisdiction to hear and determine matters involving the rights of civil service employees under this chapter, and may affirm, modify, or reverse any case on its merits." Iowa Code § 400.27. The dispute centers on whether Moore was an employee with civil service rights. If Moore was a probationary employee at the time of his discharge, the commission has no jurisdiction. *See id.* §§ 400.7 (providing that an employee has full civil service rights under enumerated conditions *and* completion of the required probationary period), 400.8(3) ("During the probation period, the appointee may be removed or discharged from such position by the appointing person or body without the right of appeal to the

commission.''). If, on the other hand, Moore was a permanent employee, chapter 400 protections *may* apply. *See id.* § 20.18 (stating in pertinent part, "public employees covered by civil service shall follow either the grievance procedures provided in a collective bargaining agreement, or in the event that grievance procedures are not provided, shall follow grievance procedures established pursuant to ... chapter 400"). Contrary to the district court's ruling, our supreme court has concluded that if a subject is expressly included in a collective bargaining agreement and grievance procedures are provided, an employee must pursue the grievance procedures rather than civil service remedies. *Kucera,* 745 N.W.2d at 486–87; *Jones v. Des Moines Civil Serv. Comm'n,* 430 N.W.2d 106, 108–09 (Iowa 1988).

The Commission succinctly summarizes its argument as follows:

> Moore's only available remedy to contest the extension of his probationary period was to file a grievance. Because he did not do that he waived his right to contest the extension. Because he didn't contest the extension he was a probationary employee at the time of his discharge. As a probationary employee he has no right to appeal to the civil service commission.

The Commission cites section 400.8(3) in support for its claim that Moore had no civil service rights because he was a probationary employee. The pertinent portions of that code section provide:

All appointments to such positions shall be conditional upon a probation period of not to exceed six months, .... During the probation period, the appointee may be removed or discharged from such position by the appointing person or body without the right of appeal to the commission. A person removed or discharged during a probationary period shall, at the time of discharge, be given a notice in writing stating the reason or reasons for the dismissal. A copy of such notice shall be promptly filed with the commission. Continuance in the position after the expiration of such probationary period shall constitute a permanent appointment.

Iowa Code § 400.8(3).

The Commission concluded it did not have jurisdiction to hear Moore's appeal because the City asserted he was discharged during a probationary period. *See id.* ("During the probation period, the appointee may be removed or discharged from such position by the appointing person or body without the right of appeal to the commission.").

■■■■ The Commission asserts summary judgment in its favor should have been granted because Moore failed to file a grievance pursuant to the collective bargaining agreement and thus waived the issue of the extension of his probationary period. At the district court, the Commission asserted, among other things, the defense of estoppel by acquiescence.[7] The

---

**7.** In *Markey v. Carney,* 705 N.W.2d 13, 21 (Iowa 2005), the supreme court stated,

" '[E]stoppel by acquiescence occurs when a person knows or ought to know of an entitlement to enforce a right and neglects to do so for such time as would imply an intention to waive or abandon the right.' " "Although this doctrine bears an 'estoppel' label, it is, in reality, a waiver theory." Unlike equitable estoppel, estoppel by ac-

quiescence does not require a showing of detrimental reliance or prejudice. Estoppel by acquiescence applies when (1) a party "has full knowledge of his rights and the material facts"; (2) "remains inactive for a considerable time"; and (3) acts in a manner that "leads the other party to believe the act [now complained of] has been approved."

district court denied summary judgment, finding an issue of material fact remained as to Moore's "state of mind" and "the degree of his knowledge of the collective bargaining agreement or what he should have known." We believe this was error.

Moore asserted in his petition for writ of certiorari to the district court that he was an employee of the City of Davenport; that his job was a bargaining unit job under the Chauffeurs, Teamsters, and Helpers Local Union, No. 238; that Local 238 is an employee bargaining unit and had a contract with the City of Davenport; that his supervisor unilaterally extended his probationary period in violation of the bargaining agreement; and that his supervisor could not change the express terms of the agreement. The summary judgment record contains Article 7 of the collective bargaining agreement, which sets out the union's "grievance procedures." Section one provides:

> It is mutually agreed that any grievance, which shall mean any dispute or disagreement raised by an employee involving as to him the meaning, interpretation or application of the specific provisions of this Agreement, shall be processed in the following manner. All grievances must be filed within ten (10) working days after the employee concerned should have become aware of the occurrence of the event giving rise to the grievance through the use of reasonable diligence.

The Commission argued to the district court that Moore's receipt of notification of the extension of his probationary period triggered the ten-day time limit for filing a grievance. Moore argued in his response brief that there was no showing that he knew he had any right to challenge the extension. However, Moore himself alleges that he was an employee in a job governed by the collective bargaining agreement. Having invoked the collective bargaining agreement, we conclude the district court erred in finding an issue of material fact existed concerning Moore's awareness of the agreement's terms. As an employee covered by the collective bargaining agreement, Moore was bound by its terms.

However, a probationary period is statutorily limited to a period of six months, except in circumstances not pertinent here. Iowa Code § 400.8(3). ("All appointments to such positions shall be conditional upon a probation period of not to exceed six months. . . ."). Continued employment "after the expiration of such probationary period shall constitute a permanent appointment." *Id.* As noted by the district court, Moore was employed by the City eight months and three days. The district court reasoned that because his employment continued after the statutory probationary period, he became a permanent civil service employee. *See Romine v. Civil Serv. Comm'n,* 181 N.W.2d 431, 434 (Iowa 1970) (finding city council's resolution adding six months to probationary period was ineffective as "status of plaintiff was fixed by statute").

▪ The tension here is between Iowa Code section 400.8(3), which statutorily limits the probationary period "not to exceed six months," and the City's application or interpretation of an employee's probation period as established in the collective bargaining agreement. The collec-

(Citations omitted.) *See also Anthony v. Anthony,* 204 N.W.2d 829, 834 (Iowa 1973) (stating estoppel by acquiescence "is applicable 'where a person knows or ought to know that he is entitled to enforce his right or to impeach a transaction, and neglects to do so for such a length of time as would imply that he intended to waive or abandon his right'" (citation omitted)).

tive bargaining agreement provides that an "employee shall be considered a probationary employee for the first five (5) months of continuous service." The City has interpreted this provision to permit an extension beyond five months and in fact, beyond the six-month limitation set forth in Iowa Code section 400.8(3) where, in the City's opinion, the service has not been continuous, although the employment relationship never terminated.

■■ Some similarities to this conflict between statutory provisions and collective bargaining terms have been discussed in cases addressing scope-of-bargaining issues. In one such case our supreme court has observed:

> Chapter 20 places one important limitation on the scope of collective bargaining agreements. It ensures that Iowa statutes supersede terms in a collective bargaining agreement that are inconsistent with Iowa law. Section 20.28 provides:
>
>> A provision of the Code which is inconsistent with any term or condition of a collective bargaining agreement which is made final under this chapter shall *supersede the term or condition of the collective bargaining agreement unless otherwise provided by the general assembly.*

*Stammeyer v. Div. of Narcotics Enforcement,* 721 N.W.2d 541, 544 (Iowa 2006). The court has also concluded that to determine the propriety of negotiable issues, a two-prong test must be considered:

> The first prong for determining whether a proposal is subject to collective bargaining, the threshold topics test, is ordinarily a definitional exercise, namely, a determination of whether a proposal fits within the scope of a specific term or terms listed by the legislature in section 20.9. Once that threshold test has been met, the next inquiry is wheth-

er the proposal is preempted or inconsistent with any provision of law.

*Waterloo Educ. Ass'n v. Iowa Pub. Employment Relations,* 740 N.W.2d 418, 429 (Iowa 2007).

Here, the collective bargaining agreement includes grievance procedures and the subject matter of probation periods. According to the agreement, proper subjects of the grievance procedures include a "dispute or disagreement" between an employee and management concerning "the meaning, interpretation or application" of the terms of the collective bargaining agreement.

Applying the principles enunciated in *Stammeyer* and *Waterloo Education Association,* it is clear that parties negotiating a collective bargaining agreement cannot fix a probation period in excess of the six-month period established in Iowa Code section 400.8(3). The difficulty here is that the negotiated provision provides a lesser period, five months, so long as it is "continuous service," and the continuous service requirement could extend beyond the six month period.

■ With these facts before us, we find persuasive the reasoning of federal jurisdictions, that have considered an analogous issue,

> When a party seeks to avoid arbitration on the ground that a contract clause is illegal, a district court may grant relief if the contract clause "*on its face* violates federal labor law or is contrary to federal labor policy." *United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co.,* 736 F.2d 1371, 1376 (9th Cir.1984) (emphasis added). We "need only decide whether an arbitrator could interpret the disputed contract clause in a manner that would render it lawful. Only if all possible interpretations of the contract provision would re-

sult in a conflict [with federal labor law] would arbitration be precluded." *Id.* at 1377; *cf. Francesco's B., Inc. v. Hotel & Restaurant Employees Union, Local 28,* 659 F.2d 1383, 1388–89 (9th Cir.1981) (arbitrator's interpretation of collective bargaining agreement upheld if it is plausible).

*R.B. Elec., Inc. v. Local 569, Int'l. Bhd. Of Elec. Workers,* 781 F.2d 1440, 1442 (9th Cir.1986); *see also Virginia Sprinkler Co. v. Road Sprinkler Fitters Local Union No. 669,* 868 F.2d 116, 118–19 (4th Cir.1989); *Communications Workers of Am. v. Michigan Bell Tel. Co.,* 820 F.2d 189, 193–94 (6th Cir.1987). By extension, a public employee is not obligated to grieve the application of a collective bargaining term that is facially invalid because it is inconsistent with an Iowa statute.

Thus, Moore was required to proceed with the grievance process unless the probation period provision in the collective bargaining agreement was facially unlawful. However, because the provision in this agreement could be interpreted to limit the probation period to five months of continuous service, but in no circumstances exceed the six-month period provided by Iowa Code section 400.8(3), the probation period provision in the collective bargaining agreement was not facially invalid. The provision was not inconsistent with Iowa law on its face. Accordingly, because the provision was facially valid, Moore was required to file a grievance of his probation status.

## IV. Conclusion.

Moore did not file a grievance of the extension of his probationary period as required by the collective bargaining agreement. His failure to file a grievance resulted in Moore retaining his status as a probationary employee at the time of his discharge. Because a probationary employee does not have the rights of civil service employees, the Commission did not have jurisdiction to hear and determine the appeal of his discharge. The district court erred in concluding otherwise. We reverse the decision of the district court and remand with instructions to dismiss Moore's petition.

**REVERSED AND REMANDED.**